BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In re Mattel Toy Recall Litigation          §          MDL Docket No. _____

DEFENDANTS' MOTION FOR § 1407 TRANSFER
OF ACTIONS TO THE CENTRAL DISTRICT OF CALIFORNIA

Pursuant to 28 U. S. C. § 1407 and the Rules of Procedure on Multidistrict Litigation, Mattel, Inc. (Mattel) and its wholly-owned subsidiary, Fisher-Price, Inc. (Fisher-Price), move for an order transferring all related federal actions against them, either of them, or their related entities to the U.S. District Court for the Central District of California, where four of the existing federal actions have been filed, for coordinated or consolidated pretrial proceedings. Defendants further move that the transferred actions be assigned to Judge Dale S. Fischer in the Central District, before whom is currently pending the first-filed of the related actions. The eight putative class actions listed on the accompanying Schedule of Actions and any future tag-along actions satisfy the requirements for transfer under § 1407 because they are competing to represent duplicative and overlapping classes of plaintiffs, they involve at least one common

question of fact, and transfer of the actions will serve "the convenience of the parties and witnesses and will promote the just and efficient conduct of the actions."

In support, defendants state:

1. Mattel and/or Fisher-Price are defendants in eight putative class actions filed in five different federal districts: four in the Central District of California, and one each in the Southern District of New York, the Southern District of Indiana, the Eastern District of Pennsylvania, and the District of South Carolina.

2. A Schedule of Actions listing all related federal actions of which defendants are aware is filed with this motion. A courtesy copy of each complaint and the docket sheet for each action is submitted with this motion.

3. These actions all include factual allegations regarding toys made for Mattel and Fisher-Price by contract manufacturers in China, which were the subject of August 2 and August 14, 2007 voluntary recalls by Mattel, in cooperation with the U.S. Consumer Products Safety Commission (collectively, the "Recalled Toys"), because surface paints on portions of the toys potentially could contain levels of lead in excess of applicable standards.

4. Each action seeks to certify a class or classes of plaintiffs under Rule 23 of the Federal Rules of Civil Procedure. There is substantial overlap and duplication in the classes that plaintiffs in each of the actions seek to have certified. Six of the actions propose nationwide classes, and all include the purchasers and/or users of the Recalled Toys within their scope.[1]

5. In addition to the eight federal actions, there are three state court putative class actions currently pending in California Superior Court (two in Los Angeles County and one in San Francisco County) arising from the same toy product recalls and asserting claims similar to

---

[1] Two of the federal actions seek certification of statewide classes, but those proposed class members would be subsumed in the proposed nationwide classes identified in the other actions.

those in the federal actions. These state court actions are subject to removal under the Class Action Fairness Act of 2005, and Mattel intends to remove the cases to federal court. At that time, there will be eleven related federal actions, with six of eleven in the Central District of California, one in the Northern District of California, and four pending in the other districts.

6. Centralization of these cases in the Central District of California will promote the just and efficient conduct of this litigation under 28 U. S. C. § 1407. Absent transfer of these cases to a single forum for coordinated or consolidated pretrial proceedings, there is a substantial risk of duplicative discovery and inconsistent and conflicting pretrial rulings on discovery and other key issues, such as class certification.

7. Centralization of these lawsuits in the Central District of California will save plaintiffs and defendants the burden of having to prosecute and defend overlapping and duplicative putative class actions in multiple federal districts across the country. In addition, centralization will be more convenient for the parties and the witnesses, and will conserve the resources of the parties, the judiciary and the attorneys.

8. All of these actions were filed on or after August 7, 2007, and are still in the beginning stages of litigation. The date for defendants' responses to the various complaints has either been extended or has not yet arrived such that no answers or responsive motions have been filed, no discovery has been conducted to date, and no initial disclosures have been made in any of these cases. Because all of the lawsuits are in the beginning stages of litigation, no prejudice or inconvenience will result from a § 1407 transfer.

9. The Central District of California is the best alternative as the transferee district because (i) four of the eight federal actions are pending there, and the other four federal actions are pending in four different federal districts, (ii) the Central District of California is a likely

location of some of the relevant documents and witnesses, as Mattel's corporate headquarters are located there,[2] (iii) the Central District of California has adequate resources to handle this docket, and (iv) Los Angeles is readily accessible by air with a number of area airports and large numbers of flights.

10.  A comparison of the relative MDL caseload of potential transferee districts also indicates that the Central District of California is a suitable forum. According to the Distribution of Pending MDL Dockets as of July 12, 2007, only eleven MDL matters are pending there.

11.  Defendants respectfully suggest that all of the actions be assigned to the Hon. Dale S. Fischer (C.D. Cal.), who is the assigned judge in *Mayhew*, the first-filed case.

12.  Target Corporation, which is named as a defendant only in *Mayhew*, consents to the coordination under § 1407.

Wherefore, defendants Mattel and Fisher-Price request that: (i) the actions listed on the Schedule of Actions that are not pending in the Central District of California be transferred to that district under 28 U.S.C. § 1407, (ii) all of the actions be assigned to the Hon. Dale S. Fischer for coordinated or consolidated pretrial proceedings, and (iii) defendants receive such other and further relief to which they may be entitled.

---

[2] The named plaintiffs in the eight federal actions reside in California, Alabama, Florida, Indiana, Michigan, New York, Pennsylvania and South Carolina.

Dated: September 5, 2007              Respectfully submitted,

*Hugh Whiting (MTF)*
Hugh Whiting
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
Email: hrwhiting@jonesday.com

Thomas E. Fennell
Michael L. Rice
JONES DAY
2727 N. Harwood St.
Dallas, TX 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
Emails: tefennell@jonesday.com
          mlrice@jonesday.com

Attorneys for Defendants Mattel, Inc.,
Fisher-Price, Inc., and Target Corporation