# EXHIBIT C

**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

In Re Mattel Toys Recall Litigation

MDL-_____

**JOINT MOTION OF CERTAIN PLAINTIFFS FOR TRANSFER
OF ACTIONS TO THE CENTRAL DISTRICT OF CALIFORNIA
PURSUANT TO 28 U.S.C. § 1407**

Plaintiffs Heather Puerzer, Kim Cosgrove, Steve Sarjent, Joy Sarjent and Nisha

Shah respectfully submit this joint motion before the Judicial Panel on Multidistrict

Litigation for an Order, under 28 U.S.C. §1407, for the following: (i) transfer of six

putative class actions, currently pending in the Southern District of Indiana, Southern

District of New York, Eastern District of Pennsylvania and the District of South

Carolina[1] as well as any cases that may subsequently be filed asserting similar or related

claims, to the United States District Court for the Central District of California; and

(ii) coordination of these actions with the five similar actions that are currently pending in

the Central District of California.[2] In support of this Motion for Transfer and

Coordination, Plaintiffs state as follows:

---

[1]    These cases include: 1) *Shoukry, et al. v. Fisher-Price Inc., et al.*, Civil Action No. CV-07-7182 (S.D.N.Y.); 2) *Goldman et al. v. Fisher-Price Inc., et al.*, Civil Action No. CV-07764 (S.D.N.Y.); 3) *Sarjent et al. v. Fisher-Price Inc., et al.*, Civil Action No. 1:07-CV-01060 (S.D. Ind.); 4) *Monroe et al. v. Mattel*, Civil Action No. 2:07-CV-03410 (E.D. Pa.); 5) *Chow et al. v. Mattel, et al.*, Civil Action No. 2:07-cv-03741 (E.D. Pa.); and 6) *Hughey et al. v. Fisher-Price, Inc., et al.*, Civil Action No. 2:07-CV-02930 (D. S.C.) (hereafter the "six Actions").

[2]    These actions include: 1) *Mayhew, et al. v. Mattel, Inc., et al.*, Civil Action No. CV-07-05126 (C.D. Ca.); 2) *White et al. v. Mattel, Inc., et al.*, Civil Action No. CV-07-05366 (C.D. Ca.); 3) *Luttenberger et al. v. Mattel, Inc., et al.*, Civil Action No. CV-07-05539 (C.D. Ca.); 4) *Puerzer et al. v. Mattel, Inc., et al.*, Civil Action No. CV-07-5661 (C.D. Ca.) and 5) *Shah et al. v. Mattel, Inc., et al.*, Civil Action No. 07-CV-05690.

1.    The class actions for which transfer and coordination are proposed arise out of the same conduct and allege virtually identical claims.  Each action is brought on behalf of a class of all persons who purchased and/or paid for various Mattel Toys ("Mattel Toys") recalled by defendants Mattel, Inc. and Fisher-Price Inc. on August 2, 2007 and on August 14, 2007, after determining that the surface paints on certain of its toys contain lead.

2.    This motion is filed on behalf of plaintiffs in the following actions: 1) *Puerzer et al. v. Mattel, Inc., et al.*, Civil Action No. CV-07-5661 (C.D. Ca.);  2) *Sarjent et al. v. Fisher-Price Inc., et al.*, Civil Action No. 1:07-CV-01060 (S.D. Ind.);  3) *Shah et al. v. Mattel, Inc., et al.*, Civil Action No. CV 07-05690 (C.D. Ca.).   The six Actions proposed for transfer herein are the only actions on file outside the Central District of California of which Plaintiffs are aware.

3.    Plaintiffs propose that pretrial proceedings in the six Actions be transferred and coordinated in the Central District of California where five of the 11 related actions are currently pending.

4.    The centralization of these actions in a single judicial district for coordinated pretrial proceedings will promote the just and efficient conduct of these actions, will serve the convenience of all parties and witnesses and will promote the interests of justice because all actions involve common factual and legal issues, including:

    a.    Whether defendants are strictly liable for the design, manufacture and/or marketing of dangerously defective products;

---

(C.D. Ca.) which are pending in the United States District Court for the Central District of California.

b.    Whether defendants negligently designed, manufactured, labeled and/or marketed the relevant products;

c.    Whether children who have handled, chewed on, and/or otherwise been exposed to the recalled Mattel Toys containing surface paint with lead suffered adverse health effects, reactions or diseases caused by exposure to and/or handling of those products;

d.    Whether the Class members' children's increased risk of sustaining adverse health effects or other injury makes periodic diagnostic and medical examinations (medical monitoring) effective and reasonably necessary;

e.    Whether defendants conducted, either directly or indirectly, appropriate research and testing of the relevant products to determine whether lead was contained in the surface paint on the recalled Mattel Toys;

f.    Whether defendants breached express and/or implied warranties covering the recalled Mattel Toys;

g.    Whether defendants were unjustly enriched at the expense of plaintiffs and the Class;

h.    Whether the equitable, injunctive and declaratory relief requested herein should be granted;

i.    Whether defendants' acts, practices, misrepresentations and omissions described herein, and defendants' dissemination of deceptive and misleading advertising and marketing materials in connection therewith, constituted unfair, unlawful and/or fraudulent business acts and practices within the meaning of California Business

and Professions Code sections 17200 *et seq.* and 17500 *et seq.* and similar consumer fraud laws of other states;

j.      Whether the Class has been injured by virtue of defendants' violations of California Business & Professions Code sections 17200, *et seq.* and 17500 *et seq.*;

k.      Whether defendants supervised and directed the manufacturing process of the recalled toys in the Peoples Republic of China;

l.      Whether defendants had prior knowledge regarding the lead used in the recalled toys and how long they had possessed that knowledge; and

m.      What representations were made by the defendants regarding the safety of the recalled toys.

5.      Coordination of the actions before a single court will conserve judicial resources, reduce litigation costs, prevent potentially inconsistent pretrial rulings, eliminate duplicative discovery and permit the cases to proceed to trial more efficiently.

6.      All actions are in the very early stages of litigation; no responsive pleadings have been filed nor has any discovery been conducted.

7.      The proposed transfer and coordination in the Central District of California will be for the convenience of parties and witnesses, and will promote the just and efficient conduct of these actions because it is expected that plaintiffs' counsel in all actions will take discovery of the same witnesses and documents.

8.      Transfer to the Central District of California is appropriate because five of the 11 related actions were filed there; the Central District of California has the resources and judicial expertise to promptly and efficiently conduct this case; the Central District of

4

California is more easily accessible and, most importantly, defendants are headquartered in the Central District of California where the Mattel Toys are researched, designed, developed, manufactured, produced, marketed and/or distributed.

9.    On September 5, 2007 defendants Mattel, Inc., Fisher-Price, Inc. and Target Corporation also filed a motion for centralization in the Central District of California. Since that time, three additional similar lawsuits have been filed, one in the Central District of California and two in other districts.

10.    Plaintiffs' motion is based on the accompanying memorandum of law, the filed pleadings and papers, and other materials that may be presented to the Panel before or at the time of any hearing in this matter.

WHEREFORE, Plaintiffs respectfully request that the Panel order that the six Actions, as well as any cases that subsequently may be filed asserting related or similar claims, be transferred to the Central District of California for coordinated pretrial proceedings.

DATED: September 14, 2007

Respectfully submitted,

KAPLAN FOX & KILSHEIMER LLP

Laurence D. King
Linda M. Fong
KAPLAN FOX & KILSHEIMER LLP
555 Montgomery Street, Suite 1501
San Francisco, California 94111
Telephone: 415-772-4700
Facsimile: 415-772-4707
lking@kaplanfox.com
lfong@kaplanfox.com

5

Frederic S. Fox
Donald Hall
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 22nd Floor
New York, New York 10022
Telephone: 212-687-1980
Facsimile: 212-687-7714
ffox@kaplanfox.com
dhall@kaplanfox.com

Lori S. Brody (SBN 150545)
KAPLAN FOX & KILSHEIMER LLP
1801 Century Park East, Suite 1460
Los Angeles, CA 90067
Telephone: 310-785-0800
Facsimile: 310-785-0897
lbrody@kaplanfox.com

Attorneys for Heather Davis Puerzer and Kim
A. Cosgrove

DATED: September 14, 2007                 PRICE WAICUKAUSKI & RILEY


_____
William N. Riley
Jamie Ranah Kendall
Christopher Allan Moeller
PRICE WAICUKAUSKI & RILEY
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: 317-633-8787
Facsimile: 317-633-8797
wriley@price-law.com
jkendall@price-law.com
cmoeller@price-law.com

Attorneys for Steve Sarjent and Joy Sarjent

6

DATED: September 14, 2007

HAGENS BERMAN SOBOL
SHAPIRO LLP


Elizabeth A. Fegan
Timothy Patrick Mahoney
Daniel J. Kurowski
HAGENS BERMAN SOBOL
SHAPIRO LLP
820 North Boulevard
Suite B
Oak Park, IL 60301
Telephone:  708-776-5600
Facsimile:  708-776-5601
beth@hbsslaw.com
timm@hbsslaw.com
dank@hbsslaw.com

Steve W. Berman
Ivy Arai
HAGENS BERMAN SOBOL
SHAPIRO LLP
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101
Telephone:  206-623-7292
Facsimile:  206-623-0594
steve@hbsslaw.com
Ivy@hbsslaw.com

Elaine T. Byszewski
Lee M. Gordon
HAGENS BERMAN SOBOL
SHAPIRO LLP
700 S. Flower Street, Suite 2940
Los Angeles, CA 90017
Telephone:  213-330-7150
Facsimile:  213-330-7152
Elaine@hbsslaw.com
Lee@hbsslaw.com

Attorneys for Nisha Shaw

7

BEFORE THE JUDICAL PANEL ON
MULTIDISTRICT LITGTION

In Re Mattel Toys Recall Litigation

MDL-_____

## JOINT MEMORANDUM OF LAW IN SUPPORT OF CERTAIN PLAINTIFFS' MOTION FOR TRANSFER AND COORDINATION PURSUANT TO 28 U.S.C §1407

## I.     INTRODUCTION

Plaintiffs Heather Puerzer, Kim Cosgrove, Steve Sarjent, Joy Sarjent and Nisha Shah[1] seek transfer of six class action lawsuits, now pending in four separate federal districts, to the Central District of California where five actions are already pending for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407.[2] Movants are plaintiffs in two of the five actions pending in the Central District of California and plaintiffs in the action pending in the Southern District of Indiana.  These actions raise common questions of fact and make common allegations of negligence, breach of warranty, consumer fraud and related common law claims arising from the manufacturing and distribution of children's toys that contain lead in the surface paint.

Transfer of these actions for coordinated or consolidated pretrial proceedings will serve the convenience of the parties and witnesses, promote the just and efficient conduct of the litigation, and avoid inconsistent rulings on critical pretrial matters.  Defendant

---

[1]     This joint motion is filed on behalf of plaintiffs in the following actions: 1) *Puerzer et al. v. Mattel, Inc., et al.,* Civil Action No. CV-07-5661 (C.D. Ca.);  2) *Sarjent et al. v. Fisher-Price Inc., et al.,* Civil Action No. 1:07-CV-01060 (S.D. Ind.); and 3) *Shah et al. v. Mattel, Inc., et al.,* Civil Action No. 07-CV-05960 (C.D. Ca.)

[2]     On September 5, 2007 defendants Mattel, Inc., Fisher-Price, Inc. and Target Corporation also filed a motion for centralization in the Central District of California. Since that time, three additional similar lawsuits have been filed, one in the Central District of California and two in other districts.

Mattel Inc. ("Mattel") researched, designed, developed, manufactured, produced, marketed, distributed and/or sold children's toys and is headquartered in El Segundo, California. Five class actions are already filed in the Central District of California and that district is easily accessible by all parties and counsel. Coordination or consolidation of discovery in one court is necessary to avoid duplicative discovery. Additionally, transfer will facilitate meaningful non-conflicting participation in the litigation by all parties.

## II.    FACTS

### A.    Background

Defendants Mattel and Fisher-Price, Inc., its wholly-owned subsidiary, are self-described worldwide leaders in the design, manufacture and marketing of toys and family products. With global headquarters in El Segundo, California, Mattel employs more than 30,000 people in 43 countries and territories and sells products in more than 150 nations. Mattel's vision is to be the world's premier toy brands -- today and tomorrow. In 1997, the Fisher-Price name became the umbrella brand over all Mattel's infant and preschool lines.

Defendants marketed and advertised certain of its Fisher-Price licensed character toys and toy cars from the Pixar Cars movie assortments (the "Mattel Toys") throughout the nation and in the state of California as being safe for children. The Mattel Toys were sold in toy stores, department stores and specialty shops throughout the nation and the state of California.

On or about August 2, 2007, after determining that the surface paints on certain of its children's toys contain lead, Mattel issued a recall of its Sesame Street, Dora the

2

Explorer and various other of its Fisher-Price licensed character toys including a warning to parents and consumers that lead is toxic if ingested by young children and can cause adverse health effects (the "Initial Recall"). The Initial Recall was limited to Fisher-Price toys sold at toy stores and retailers nationwide from May 1, 2007 through August 2007.

Following the Initial Recall, on or about August 14, 2007, after determining that the surface paints on "Sarge" Die Cast toy cars from the Pixar Cars movie assortments (the "Sarge toy cars") could contain lead levels in excess of permissible federal standards, Mattel issued an additional recall of these toys including another warning to parents and consumers that lead is toxic if ingested by young children and can cause adverse health effects (the "August 14 Recall"). The August 14 Recall pertaining to the Sarge toy cars was limited to those toys sold at retail stores nationwide from May 2007 through August 2007. (The Initial Recall and the August 14 Recall collectively are referred to hereafter as the "Recalls").

On August 2, 2007, the U.S. Consumer Product Safety Commission estimated approximately 967,000 Mattel toys are the subject of the Initial Recall and on August 14, 2007, it estimated that about 253,000 Sarge toy cars are subject to that recall.

Plaintiffs assert their claims against Mattel and other defendants as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased and/or paid for various Mattel Toys included in the Recalls.

The pending cases all arise out of defendants' design, manufacture, market and distribution of the Mattel Toys containing surface paint with lead, a toxic substance, which if ingested by young children, can cause adverse health effects. Plaintiffs all allege they would not have purchased these toys for their young children had they known about

3

their dangerous and life-threatening propensities. In varying forms, all named plaintiffs also assert that the Mattel Toys marketed as safe for young children were made using surface paint containing lead which may cause a range of serious health effects to children including behavioral problems, seizures, stunted growth, and even death from lead poisoning, and, as a result, the Defendants' actions constitute negligence, breach of warranty, consumer fraud and other illegal acts.

The defendants' actions have injured Plaintiffs and other Class members, who seek relief, including medical monitoring on behalf of all children of Class members, to assure the early diagnosis and treatment of those children exposed to the lead paint on the recalled toys and monetary damages, including but not limited to, a full refund of all costs associated with the purchase of the Mattel Toys.

**B.      The Mattel Toys Class Actions**

Following the Recalls, at least eleven class action complaints were filed against Mattel and other defendants. These lawsuits assert claims for injuries arising from defendants' research, design, development, manufacture, production, marketing and/or distribution of toys containing surface paint with lead.

- *Mayhew, et al. v. Mattel, Inc., et al.,* Civil Action No. CV-07-05126 (C.D. Ca.)

- *White et al. v. Mattel, Inc., et al.,* Civil Action No. CV-07-05366 (C.D. Ca.)

- *Luttenberger et al. v. Mattel, Inc., et al.,* Civil Action No. CV-07-05539 (C.D. Ca.)

- *Puerzer et al. v. Mattel, Inc., et al.,* Civil Action No. CV-07-5661 (C.D. Ca.)

- *Shoukry, et al. v. Fisher-Price Inc., et al.,* Civil Action No. CV-07-7182 (S.D.N.Y.)

- *Goldman et al. v. Fisher-Price Inc., et al.,* Civil Action No. CV-07764 (S.D.N.Y.)

- *Sarjent et al. v. Fisher-Price Inc., et al.,* Civil Action No. 1:07-CV-01060 (S.D. Ind.)

4

- *Monroe et al. v. Mattel*, Civil Action No. 2:07-CV-03410 (E.D. Pa.)

- *Chow et al. v. Mattel, et al.*, Civil Action No. 2:07-CV-03741 (E.D. Pa.)

- *Hughey et al. v. Fisher-Price, Inc., et al.*, Civil Action No. 2:07-CV-02930 (D. S.C.)

- *Shah et al. v. Mattel, Inc., et al.*, Civil Action No. 07-CV-05960 (C.D. Ca.)

These cases seek to recover damages on behalf of all persons who purchased and/or paid for various Mattel Toys included in the Recalls. Submitted herewith is a Schedule of Actions involved under 28 U.S.C. §1407 that lists the actions to be transferred and coordinated.

Plaintiffs seek to have the class actions pending in district courts outside of the Central District of California transferred to the Central District of California for centralization and coordination with the five class actions already pending in that jurisdiction. Transfer and coordination is appropriate because these cases involve common factual questions, transfer will further the convenience of the parties and the witnesses, and transfer will promote the just and efficient conduct of these actions.

The Central District of California is the appropriate place for transfer and coordination because the District has the resources and judicial expertise to properly conduct this case; the Mattel Toys were researched, designed, developed, manufactured, produced, marketed and/or distributed by Mattel, which is headquartered in El Segundo, California; other defendants transact business in that district; five class actions are already filed there; and the Central District of California is easily accessible by all parties and counsel.

### III.    ARGUMENT

**A.    Transfer and Coordination of All Actions for Coordinated Pretrial Proceedings Is Appropriate**

28 U.S.C. §1407 authorizes this Panel to transfer two or more civil cases for coordinated pretrial proceedings upon a determination that: (i) they "involv[e] one or more common questions of fact," (ii) transfer will further "the convenience of parties and witnesses," and (iii) transfer "will promote the just and efficient conduct of the actions." The requirements for transfer under Section 1407 are clearly satisfied here.

The Mattel Toys class actions are characterized almost entirely by common questions of fact. In addition, transfer and coordination will promote convenience for the parties and efficiency in the pretrial proceedings by eliminating duplicative discovery and the potential for inconsistent rulings, including determinations on class certification.

**1.    The Related Actions Involve Common Questions of Fact**

The first requirement of Section 1407 – that the actions to be transferred involve common questions of fact – is satisfied. The factual issues to be determined in each of the actions proposed for transfer and coordination arise from the same course of conduct. *See In re Bluetooth Headset Products Liability Litigation*, 475 F.Supp.2d 1403, 1404 (J.P.M.L. 2007); *In re Katz Interactive Call Processing Patent Litigation*, 481 F.Supp.2d 1353, 1355 (J.P.M.L.2007).

Among many common questions of law and fact at issue in the related actions are:

a.      Whether defendants are strictly liable for the design, manufacture and/or marketing of dangerously defective products;

b.      Whether defendants negligently designed, manufactured, labeled and/or marketed the relevant products;

c.      Whether children who have handled, chewed on, and/or otherwise been exposed to the recalled Mattel Toys containing surface paint with lead suffered adverse health effects, reactions or diseases caused by exposure to and/or handling of those products;

d.      Whether the Class members' children's increased risk of sustaining adverse health effects or other injury makes periodic diagnostic and medical examinations (medical monitoring) effective and reasonably necessary;

e.      Whether defendants conducted, either directly or indirectly, appropriate research and testing of the relevant products to determine whether lead was contained in the surface paint on the recalled Mattel Toys;

f.      Whether defendants breached express and/or implied warranties covering the recalled Mattel Toys;

g.      Whether defendants were unjustly enriched at the expense of plaintiffs and the Class;

h.      Whether the equitable, injunctive and declaratory relief requested herein should be granted;

i.      Whether defendants' acts, practices, misrepresentations and omissions described herein, and defendants' dissemination of deceptive and misleading advertising and marketing materials in connection therewith, constituted unfair, unlawful and/or fraudulent business acts and practices within the meaning of California Business and Professions Code sections 17200 *et seq.* and 17500 *et seq.* and similar consumer fraud laws of other states;

j.       Whether the Class has been injured by virtue of defendants'

violations of California Business & Professions Code sections 17200, *et seq.* and 17500

*et seq.*

k.       Whether defendants supervised and directed the manufacturing

process of the recalled toys in the Peoples Republic of China;

l.       Whether defendants had prior knowledge regarding the lead used

in the recalled toys and how long they had possessed that knowledge; and

m.       What representations were made by the defendants regarding the

safety of the recalled toys.

## 2.       Coordinating the Class Actions Will Further the Convenience of the Parties and the Witnesses

Coordinating the class actions will meet the second requirement under Section

1407 because it will serve the convenience of the parties and witnesses. Convenience of

the parties and witnesses, avoidance of duplication of discovery, and elimination of the

possibility of conflicting or inconsistent pretrial rulings on common issues are key

objectives of 28 U.S.C. §1407. *In re Wachovia Securities, LLC, Wage and Hour*

*Litigation,* 469 F.Supp.2d 1346, 1347 (J.P.M.L. 2006).[3]

Where, as here, the pending cases, Defendants' offices, and all parties' counsel

are diversely located geographically, consolidation of these cases in a centrally located,

convenient location serves the convenience of all of the parties involved. *See, In re Live*

---

[3]      *See also In re Conseco Life Ins. Co. Cost of Ins. Litigation* 323 F.Supp.2d 1381, 1382 -1383 (J.P.M.L.2004) (Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent rulings on pretrial motions, including those with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary); *In re Paxil Products Liability Litigation,* 296 F.Supp.2d 1374, 1375 (J.P.M.L. 2003); *In re American Honda Motor Co., Inc., Oil Filter Products Liability Litigation,* 416 F.Supp.2d 1368, 1369 (J.P.M.L. 2006).

*Concert Antitrust Litigation*, 429 F.Supp.2d 1363, 1363 -1364 (J.P.M.L. 2006) (Central District of California well equipped with resources that complex antitrust docket, encompassing multiple regions of the country, is likely to require); *In re Paxil Products*, 296 F.Supp.2d at 1375 (transfer to Central District appropriate where geographic dispersal of constituent actions and potential tag-along actions exist and, no district stands out as the geographic focal point for nationwide docket).

The various actions, individually or in the aggregate, raise identical issues regarding the manufacturing of at least 1.2 million children's toys, sold nationwide since May 2007. These toys were designed for toddlers, who can be expected to lick, suck, bite, chip and ingest the poisonous lead paint. Despite clear regulatory prohibitions on the use of lead paint on toys, and having the knowledge that the ingestion of lead paint by children can cause serious long-term injury, Defendants still represented that the toys were safe for children. As a result of Defendants' conduct, Plaintiffs' children have been significantly exposed to a known hazardous substance. As a result of such exposure, the children are at an increased risk of numerous adverse health effects and even death. Plaintiffs and members of the Class have lost significant sums of money by purchasing these toys, which are no longer useable.

It is expected that counsel for Plaintiffs in all actions will seek documents from the same defendants on such issues as, *inter alia*: (a) where the recalled Mattel Toys were manufactured; (b) the manufacturing and design processes for the recalled Mattel Toys; (c) the procedures, if any, regarding periodic review and testing of the toys manufactured, packaged and labeled by Mattel and the other defendants; (d) the identity of any independent safety testing laboratories hired by defendants to ensure the safety of the

recalled toys; (e) the composition and character of the lead contained in the surface paint of the Mattel Toys; and (f) when Defendants learned or should have learned that the recalled Mattel Toys contained toxic surface paint with lead. Issues such as these will be central in all of the class actions.

Because the actions arise from a common core of factual allegations, there is a strong likelihood of duplicative discovery demands and redundant depositions. Coordination of pretrial proceedings will enable a single judge to establish a pretrial program that will minimize the inconvenience to the witnesses and expenses to the parties. These savings are precisely the types of savings that this Panel has traditionally used to justify the coordination of pretrial proceedings in different jurisdictions. See, *In re Wachovia*, 469 F.Supp.2d at 1347; *In re Bluetooth*, 475 F.Supp.2d at 1404.

### 3. Transfer and Coordination Will Promote the Just and Efficient Conduct of the Related Actions

Finally, transferring and coordinating these class actions is appropriate because coordinating the pretrial proceedings will promote the just and efficient conduct of the actions. In light of the nearly identical factual allegations, and especially given that discovery has not yet begun in any action, transfer under Section 1407 will avoid duplicative discovery and save judicial time and resources. *See e.g. In re Katz*, 481 F.Supp.2d at 1355 (ordering cases transferred to a single district to "eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary"); *In re Wachovia*, 469 F.Supp.2d at 1347.

The plaintiffs in each action will seek to depose many of the same individuals from Mattel and its various affiliates and request production of a substantially similar set of documents. Failing to coordinate pretrial proceedings in these actions will therefore

result in duplicative discovery efforts, requiring witnesses to appear for multiple depositions and defendants to produce several sets of the same documents. The coordination of these actions would avoid the inconvenience and needless waste of resources.

Moreover, the corresponding savings in time and expense would confer benefits upon both the plaintiffs and defendants. *See In re Banc of America Inv. Services, Inc.* 466 F.Supp.2d 1353, 1354 (J.P.M.L. 2006) (transfer under Section 1407 promotes just and expeditious resolution of all actions to the overall benefit of the parties and the courts.); *In re Starmed Health Personnel, Inc., Fair Labor Standards Act Litigation*, 317 F.Supp.2d 1380, 1381 (J.P.M.L. 2004) (centralization necessary to conserve the resources of the parties, their counsel and the judiciary); *In re Wachovia*, 469 F.Supp.2d at 1347; *In re Bluetooth*, 475 F.Supp.2d at 1404; *In re Conseco Life Ins. Co.,* 323 F.Supp.2d at 1383.

Finally, transfer of the actions is appropriate to reduce the possibility of inconsistent pretrial rulings. *See In re Paxil*, 296 F.Supp.2d at 1375. The Panel has consistently held that when the risk of overlapping pretrial determinations exists, transfer of actions to a single district for consolidation or coordination of pretrial proceedings is necessary in order to eliminate the possibility of inconsistent pretrial rulings. *See e.g. In re Reformulated Gasoline (RFG) Antitrust & Patent Litigation*, 370 F.Supp.2d 1357, 1358 (J.P.M.L. 2005) (centralization necessary to prevent inconsistent pretrial rulings particularly with respect to the issue of class certification); *In re Conseco Life Ins. Co.,* 323 F.Supp.2d at 1383.

Where, as here, coordination will avoid duplicative discovery and potentially conflicting pretrial rulings, transfer for pretrial purposes is warranted to promote the interests of judicial economy and efficiency.

**B.    The Central District of California Is the Proper Forum for Coordinated Pretrial Proceedings**

**1.    The Central District of California Has the Resources and Judicial Expertise to Properly Conduct this Case**

Transfer under Section 1407 will have the salutary effect of assigning the present actions and any future tag-along actions to a single judge who can formulate a pretrial program that ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the courts. *See In re Bank of America*, 466 F.Supp.2d at 1354.  In selecting the most appropriate transferee forum for multidistrict litigation, the Panel considers, among other things, resources and judicial expertise. *In re Paxil*, 296 F.Supp.2d at 1375; *In re Katz*, 481 F.Supp.2d at 1355-1356.

The Central District of California has extensive experience in managing multidistrict litigation.  It has an established track record of managing complex class action litigation.  Indeed, the Panel has specifically recognized that the Central District of California is equipped with the resources necessary to manage complex multidistrict litigation. *See, e.g., In re Live Concert*, 429 F.Supp.2d at 1363 -1364 (Central District of California "is well equipped with the resources that this complex antitrust docket, encompassing multiple regions of the country, is likely to require.")

12

2.    **The Central District of California Is Where Many of the Documents and Witnesses Will Be Located Since Mattel Is Headquartered In the District**

The convenience of the parties and witnesses is a factor in determining to which district related actions should be transferred.  28 U.S.C. §1407(a) (related actions may be transferred to a district for coordinated proceedings upon a determination that the transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions").  In deciding whether a particular forum is convenient, the Panel may consider the location of the parties, documents and potential witnesses relative to that district.  This factor weighs heavily in favor of the Central District of California.

Mattel is headquartered in El Segundo, California, where the Mattel Toys were researched, designed, developed, manufactured, produced, marketed and/or distributed.  Many of the witnesses and documents will be located in El Segundo – favoring selection of the Central District of California over any other courts proposed. *See In re American Honda Motor Co.*, 416 F.Supp.2d at 1369 (litigation transferred to Central District of California since Honda's principal place of business is located in this district, relevant documents and witnesses are likely located there); *In re Reformulated Gasoline*, 370 F.Supp.2d at 1358-1359  (transfer to Central District of California is appropriate transferee district since defendant Unocal is headquartered within the district and documents and witness will likely be found there); *In re Live Concert*, 429 F.Supp.2d at 1364 (Central District of California is likely to provide a substantial number of witnesses and documents because defendant Clear Channel is headquartered there).

3.    **The Central District of California Offers an Accessible Metropolitan Location that is Geographically Convenient for Many of the Parties and their Counsel**

California is a convenient forum for out-of-state witnesses and out-of-state counsel to reach by airplane.  Two major airports – Los Angeles International Airport, and Bob Hope Airport in Burbank- are located within a reasonable driving distance of the courthouse where five of the related actions are currently pending.  *See, In re Live Concert Antitrust Litigation*, 429 F.Supp.2d 1363, 1363 -1364 (J.P.M.L. 2006) (transfer to Central District of California appropriate in a case encompassing multiple regions of the country); *In re Paxil Products*, 296 F.Supp.2d at 1375 (Central District appropriate location where geographic dispersal of constituent actions exist and, no district stands out as the geographic focal point for nationwide docket).  Moreover, Los Angeles is more convenient than other venues where cases are pending with respect to anticipated discovery regarding the toy production plants owned and operated by Mattel in China.

## IV.    CONCLUSION

For the foregoing reasons, transfer of the various actions and for coordinated or consolidated pretrial proceedings in the Central District of California is appropriate under 28 U.S.C. § 1407.  These actions involve common questions of fact concerning common allegations of negligence, unjust enrichment and other common legal claims resulting from the lead found in Defendants' toys.  Transfer of these actions for coordinated or consolidated pretrial proceedings will serve the convenience of the parties and witnesses, promote the just and efficient conduct of the litigation, and avoid inconsistent rulings on important pretrial matters.  Importantly, transfer will avoid the substantial expense and

hardship of duplicative discovery that will include the production and review of thousands of pages of documents and the depositions of witnesses.

DATED:  September __, 2007                    Respectfully submitted,

                                             KAPLAN FOX & KILSHEIMER LLP


                                             _____
                                             Laurence D. King
                                             Linda M. Fong
                                             KAPLAN FOX & KILSHEIMER LLP
                                             555 Montgomery Street, Suite 1501
                                             San Francisco, California 94111
                                             Telephone:  415-772-4700
                                             Facsimile:  415-772-4707
                                             lking@kaplanfox.com
                                             lfong@kaplanfox.com

                                             Frederic S. Fox
                                             Donald Hall
                                             KAPLAN FOX & KILSHEIMER LLP
                                             850 Third Avenue, 22nd Floor
                                             New York, New York 10022
                                             Telephone:  212-687-1980
                                             Facsimile:  212-687-7714
                                             ffox@kaplanfox.com
                                             dhall@kaplanfox.com

                                             Lori S. Brody (SBN 150545)
                                             KAPLAN FOX & KILSHEIMER LLP
                                             1801 Century Park East, Suite 1460
                                             Los Angeles, CA 90067
                                             Telephone:  310-785-0800
                                             Facsimile:  310-785-0897
                                             lbrody@kaplanfox.com

                                             Attorneys for Heather Davis Puerzer and Kim
                                             A. Cosgrove

15

DATED: September__, 2007                    PRICE WAICUKAUSKI & RILEY

William N. Riley
Jamie Ranah Kendall
Christopher Allan Moeller
PRICE WAICUKAUSKI & RILEY
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: 317-633-8787
Facsimile: 317-633-8797
wriley@price-law.com
jkendall@price-law.com
cmoeller@price-law.com

Attorneys for Steve Sarjent and Joy Sarjent


HAGENS BERMAN SOBOL
SHAPIRO LLP


Elizabeth A. Fegan
Timothy Patrick Mahoney
Daniel J. Kurowski
HAGENS BERMAN SOBOL
SHAPIRO LLP
820 North Boulevard
Suite B
Oak Park, IL 60301
Telephone: 708-776-5600
Facsimile: 708-776-5601
beth@hbsslaw.com
timm@hbsslaw.com
dank@hbsslaw.com

16

Steve W. Berman
Ivy Arai
HAGENS BERMAN SOBOL
SHAPIRO LLP
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101
Telephone: 206-623-7292
Facsimile: 206-623-0594
steve@hbsslaw.com
Ivy@hbsslaw.com

Elaine T. Byszewski
Lee M. Gordon
HAGENS BERMAN SOBOL
SHAPIRO LLP
700 S. Flower Street, Suite 2940
Los Angeles, CA 90017
Telephone: 213-330-7150
Facsimile: 213-330-7152
Elaine@hbsslaw.com
Lee@hbsslaw.com

Attorneys for Nisha Shah

Before the Judicial Panel on Multidistrict Litigation
MDL-____-
In re Mattel Litigation

## SCHEDULE OF ACTIONS

| Court and Case Caption | District | Civil Action Number | Date Filed | Judge |
|---|---|---|---|---|
| **Central District of California** | | | | |
| **Plaintiffs:** Ann L. Mayhew, as Mother of Hannah Elizabeth Mayhew , on behalf of herself and all others similarly situated **Defendants:** Mattel, Inc., Fisher-Price Inc., and Target Corp. | C.D. California (Western Division Los Angeles) | CV-07-5126 | 8/07/07 | Hon. Dale S. Fischer |
| **Plaintiffs:** Nicole B. White, Rod Underhill, and Leah Dunsmore, individually and on behalf of all others similarly situated **Defendants:** Mattel, Inc. and Fisher-Price, Inc. | C.D. California (Western Division Los Angeles) | CV-07-5366 | 8/16/07 | Hon. Dale S. Fischer |
| **Plaintiffs:** Adam Luttenberger, as father of Alex Luttenberger, on behalf of himself and all others similarly situated **Defendants:** Mattel Inc. and Fisher-Price, Inc. | C.D. California (Western Division Los Angeles) | CV-07-5539 | 8/23/07 | Hon. Dale S. Fischer |
| **Plaintiffs:** Heather Davis Puerzer, and Kim A. Cosgrove, on behalf of themselves and all those similarly situated **Defendants:** Mattel, Inc. and Fisher-Price, Inc. | C.D. California (Western Division Los Angeles) | CV-07-5661 | 8/29/07 | Hon. Dale S. Fischer |

| Court and Case Caption | District | Civil Action Number | Date Filed | Judge |
|---|---|---|---|---|
| **Plaintiffs:**<br>Nisha Shah<br>**Defendants:**<br>Fisher-Price, Inc. and Mattel, Inc. | C.D. California<br>(Western Division<br>Los Angeles) | CV 07-05960 | 9/13/07 | Hon. Otis D. Wright II |
| **Southern District of New York** | | | | |
| **Plaintiff:**<br>Farrah Shoukry, individually and on behalf of all others similarly situated<br>**Defendants:**<br>Fisher-Price Inc. and Mattel, Inc. | S.D. New York<br>(Foley Square) | CV-07-7182 | 8/10/07 | Hon. Denise L. Cote |
| **Plaintiff:**<br>Seth Goldman, individually and on behalf of all others similarly situated<br>**Defendants:**<br>Fisher-Price Inc. and Mattel, Inc. | S.D. New York<br>(Foley Square) | CV-07-7764 | 8/31/07 | Hon. John E. Sprizzo |
| **Southern District of Indiana** | | | | |
| **Plaintiffs:**<br>Steve Sarjent and Joy Sarjent, individually and b/n/f of S.S.S. and J.L.S., minors, on behalf of themselves and all others similarly situated<br>**Defendants:**<br>Fisher-Price, Inc. and Mattel, Inc. | S.D. Indiana<br>(Indianapolis Division) | 1:07-CV-1060 | 8/16/07 | Hon. John Daniel Tinder |
| **Eastern District of Pennsylvania** | | | | |
| **Plaintiffs:**<br>Nydia Monroe, a minor, by her parents and natural guardians, Arthur Monroe and Nicole Clark,<br>**Defendants:**<br>Mattel, Inc. | E.D. Pennsylvania<br>(Philadelphia Division) | 2:07-CV-3410 | 8/17/07 | Hon. Petrese B. Tucker |

| Court and Case Caption | District | Civil Action Number | Date Filed | Judge |
|---|---|---|---|---|
| **Plaintiffs:** Jacob Chow, a minor by his parents and natural guardians, Tim Chow and Troy Chow **Defendants:** Mattel, Inc., Mattel Sales Corp., Mattel Direct Import Inc., and Fisher-Price, Inc. | E.D. Pennsylvania (Philadelphia Division) | 2:07-CV-3741 | 9/7/07 | Hon. Petrese B. Tucker |
| **District of South Carolina** | | | | |
| **Plaintiffs:** Daniel S. Hughey and Caroline I. Hughey, minor children, by their parent and natural guardian, Nathan Hughey, individually and on behalf of all others similarly situated **Defendants:** Fisher-Price, Inc. and Mattel, Inc. | D. South Carolina (Charleston Division) | 2:07-CV-2930 | 8/24/07 | Hon. David C. Norton |

3

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

In Re Mattel Toys Recall Litigation

MDL-_____

## REASONS WHY
## ORAL ARGUMENT SHOULD BE HEARD

Plaintiffs[1] respectfully request oral argument of their joint motion before the
Judicial Panel on Multidistrict Litigation for an Order, under 28 U.S.C. §1407 for the
following reasons. This litigation presently consists of eleven actions, pending in five
districts as follows: five actions in the Central District of California; two in the Southern
District of New York; one in the Southern District of Indiana; two in the Eastern District
of Pennsylvania; and one in District of South Carolina. Moving parties believe the
decisional process on this motion would be significantly aided by oral argument in order
to determine the transferee district that will best serve this significant class action
litigation affecting consumers and the health of their children throughout the United
States.

DATED: September 14, 2007

Respectfully submitted,

KAPLAN FOX & KILSHEIMER LLP

Laurence D. King
Linda M. Fong
KAPLAN FOX & KILSHEIMER LLP
555 Montgomery Street, Suite 1501
San Francisco, California 94111
Telephone: 415-772-4700
Facsimile: 415-772-4707
lking@kaplanfox.com
lfong@kaplanfox.com

---

[1]  Heather Puerzer, Kim Cosgrove, Steve Sarjent, Joy Sarjent, and Nisha Shah.

1

Frederic S. Fox
Donald Hall
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 22nd Floor
New York, New York 10022
Telephone: 212-687-1980
Facsimile: 212-687-7714
ffox@kaplanfox.com
dhall@kaplanfox.com

Lori S. Brody (SBN 150545)
KAPLAN FOX & KILSHEIMER LLP
1801 Century Park East, Suite 1460
Los Angeles, CA 90067
Telephone: 310-785-0800
Facsimile: 310-785-0897
lbrody@kaplanfox.com

Attorneys for Heather Davis Puerzer and Kim
A. Cosgrove

DATED: September 14 2007              PRICE WAICUKAUSKI & RILEY


_William N. Riley by LSR_
William N. Riley
Jamie Ranah Kendall
Christopher Allan Moeller
PRICE WAICUKAUSKI & RILEY
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: 317-633-8787
Facsimile: 317-633-8797
wriley@price-law.com
jkendall@price-law.com
cmoeller@price-law.com

Attorneys for Steve Sarjent and Joy Sarjent

HAGENS BERMAN SOBOL
SHAPIRO LLP


Elizabeth A. Fegan *by cdc*

Elizabeth A. Fegan
Timothy Patrick Mahoney
Daniel J. Kurowski
HAGENS BERMAN SOBOL
SHAPIRO LLP
820 North Boulevard
Suite B
Oak Park, IL 60301
Telephone: 708-776-5600
Facsimile: 708-776-5601
beth@hbsslaw.com
dank@hbsslaw.com
timm@hbsslaw.com

Steve W. Berman
Ivy Arai
HAGENS BERMAN SOBOL
SHAPIRO LLP
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101
Telephone: 206-623-7292
Facsimile: 206-623-0594
steve@hbsslaw.com
Ivy@hbsslaw.com

Elaine T. Byszewski
Lee M. Gordon
HAGENS BERMAN SOBOL
SHAPIRO LLP
700 S. Flower Street, Suite 2940
Los Angeles, CA 90017
Telephone: 213-330-7150
Facsimile: 213-330-7152
Elaine@hbsslaw.com
Lee@hbsslaw.com

3

HAGENS BERMAN SOBOL
SHAPIRO LLP

Elizabeth A. Fegan
Timothy Patrick Mahoney
Daniel J. Kurowski
HAGENS BERMAN SOBOL
SHAPIRO LLP
820 North Boulevard
Suite B
Oak Park, IL 60301
Telephone:  708-776-5600
Facsimile:  708-776-5601
beth@hbsslaw.com
dank@hbsslaw.com
timm@hbsslaw.com

Steve W. Berman
Ivy Arai
HAGENS BERMAN SOBOL
SHAPIRO LLP
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101
Telephone:  206-623-7292
Facsimile:  206-623-0594
steve@hbsslaw.com
Ivy@hbsslaw.com

Elaine T. Byszewski
Lee M. Gordon
HAGENS BERMAN SOBOL
SHAPIRO LLP
700 S. Flower Street, Suite 2940
Los Angeles, CA 90017
Telephone:  213-330-7150
Facsimile:  213-330-7152
Elaine@hbsslaw.com
Lee@hbsslaw.com

Attorneys for Nisha Shah

3

# BEFORE THE JUDICIAL PANEL ON
# MULTIDISTRICT LITIGATION

In Re Mattel Toys Recall Litigation

MDL No. _____

## CERTIFICATE OF SERVICE

I hereby certify that as of this day I have served upon all Parties' counsel of record or upon the Party if no counsel of record has appeared, a copy of the following documents:

1. Joint Motion Of Certain Plaintiffs For Transfer Of Actions To The Central District Of California Pursuant To 28 U.S.C. § 1407;

2. Joint Memorandum Of Law In Support Of Certain Plaintiffs' Motion For Transfer And Coordination Pursuant To 28 U.S.C §1407;

3. Schedule of Actions;

4. Request for Oral Argument;

5. Proof of Service;

via Federal Express to the following:

| | |
|---|---|
| Clerk,<br>U.S. District Court<br>Central District of California<br>(Spring Street location)<br>312 N. Spring Street<br>Los Angeles, CA 90012<br>Telephone: 213-894-1565<br>Facsimile: 213-894-2215 | Clerk,<br>U.S. District Court<br>Eastern District of Pennsylvania<br>(Philadelphia)<br>U.S. Courthouse<br>601 Market Street, Room 2609<br>Philadelphia, PA 19106-1797<br>Telephone: 215-597-7704<br>Facsimile: 215-597-6390 |

| | |
|---|---|
| Clerk,<br>U.S. District Court<br>Southern District of Indiana<br>(Indianapolis)<br>Birch Bayh Federal Building &<br>United States Courthouse<br>46 East Ohio Street, Room 105<br>Indianapolis, IN 46204<br>Telephone: 317-229-3700<br>Facsimile: 317-229-3959 | Clerk<br>U. S. District Court<br>Southern District of New York<br>(Foley Square)<br>Daniel Patrick Moynihan<br>United States Courthouse<br>500 Pearl Street<br>New York, NY 10007-1312<br>Telephone: 212-805-0136<br>Facsimile: |
| Clerk,<br>U.S. District Court<br>District of South Carolina<br>(Charleston)<br>Charleston Federal Courthouse<br>85 Broad Street<br>Charleston, SC 29401<br>Telephone: 843-579-1401<br>Facsimile: 843-579-1402 | Mitchell M Breit<br>Joseph P Guglielmo<br>WHATLEY BRAKE & KALLAS<br>1540 Broadway, 37th Floor<br>New York, NY 10036<br>Telephone: 212-447-7070<br>Facsimile: 212-447-7077<br>mbreit@whatleydrake.com<br>jguglielmo@whatleydrake.com<br><br>Attorneys for Plaintiff Ann L Mayhew,<br>C.D. California, CV-07-05126 |
| Joe R Whatley, Jr.<br>WHATLEY DRAKE & KALLAS<br>2323 2nd Ave North<br>Birmingham, AL 35203<br>Telephone: 205-328-9576<br>Facsimile: 205-328-9669<br>jwhatley@whatleydrake.com<br><br>Attorney for Plaintiff Ann L Mayhew, C.D.<br>California, CV-07-05126 | Heather Necklaus Hudson<br>Nicholas B Roth<br>EYSTER KEY TUBB ROTH<br>MIDDLETON & ADAMS<br>402 East Moulton Streeet<br>PO Box 1607<br>Decatur, AL 35602<br>Telephone: 256-353-6761<br>Facsimile: 256-353-6767<br>nbroth@eysterkey.com<br><br>Attorneys for Plaintiff Ann L Mayhew,<br>C.D. California, CV-07-05126 |

| | |
|---|---|
| Joseph L Paller, Jr.<br>GILBERT & SACKMAN<br>6100 Wilshire Boulevard, Suite 700<br>Los Angeles, CA 90048-5114<br>Telephone: 323-938-3000<br>Facsimile: 323-937-9139<br>jp@gslaw.org<br><br>Attorney for Plaintiff Ann L Mayhew, C.D.<br>California, CV-07-05126 | Jay Edward Smith<br>GILBERT & SACKMAN<br>3699 Wilshire Boulevard, Suite 1200<br>Los Angeles, CA 90010-2732<br>Telephone: 323-938-3000<br>Facsimile: 323-937-9139<br>js@gslaw.org<br><br>Attorney for Plaintiff Ann L Mayhew, C.D.<br>California, CV-07-05126 |
| Elwood G Lui<br>JONES DAY<br>555 South Flower, 50th Floor<br>Los Angeles, CA 90071<br>Telephone: 213-243-2435<br>Facsimile: 213-243-2539<br>elui@jonesday.com<br><br>Attorneys for Defendants Fisher-Price Inc.,<br>Mattel Inc., Target Corporation, C.D.<br>California, CV-07-05126 | Gretchen Freeman Cappio<br>Juli E Farris<br>Lynn Lincoln Sarko<br>KELLER ROHRBACK<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br>Telephone: 206-623-1900<br>Facsimile: 206-623-3384<br>gcappio@kellerrohrback.com<br>jfarris@kellerrohrback.com<br>lsarko@kellerrohrback.com<br><br>Attorneys for Plaintiffs Nicole B. White,<br>Rod Underhill, and Leah Dunsmore, C.D.<br>California, CV-07-05366 |
| Michael D Braun<br>BRAUN LAW GROUP<br>12400 Wilshire Boulevard, Suite 920<br>Los Angeles, CA 90025<br>Telephone: 310-442-7755<br>Facsimile: 310-442-7756<br>service@braunlawgroup.com<br><br>Attorney for Plaintiffs Nicole B. White,<br>Rod Underhill, and Leah Dunsmore, C.D.<br>California, CV-07-05366 | Elwood G Lui<br>JONES DAY<br>555 South Flower, 50th Floor<br>Los Angeles, CA 90071<br>Telephone: 213-243-2435<br>Facsimile: 213-243-2539<br>elui@jonesday.com<br><br>Attorney for Defendants Fisher-Price Inc.,<br>Mattel Inc., C.D. California, CV-07-05366 |

| | |
|---|---|
| Hugh R. Whiting<br>JONES DAY<br>717 Texas, Suite 3300<br>Houston, TX 77002<br>Telephone: 832-239-3939<br><br>Attorney for Defendants Fisher-Price Inc.,<br>Mattel Inc., C.D. California, CV-07-05366 | Thomas E Fennell<br>Michael L. Rice<br>JONES DAY<br>2727 North Harwood Street<br>Dallas, TX 75201<br>Telephone: 214-220-3939<br>Facsimile: 214-969-5100<br>tefennell@jonesday.com<br><br>Attorneys for Defendants Fisher-Price Inc.,<br>Mattel Inc., C.D. California, CV-07-05366 |
| Ricky L Shackelford<br>JONES DAY<br>555 West 5th Street, Suite 4600<br>Los Angeles, CA 90013-1025<br>213-489-3939<br>rlshackelford@jonesday.com<br><br>Attorney for Defendants Fisher-Price Inc.,<br>Mattel Inc., C.D. California, CV-07-05366 | Rachel L Jensen<br>John J Stoia, Jr.<br>COUGHLIN STOIA GELLER RUDMAN<br>& ROBBINS LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: 619-231-1058<br>Facsimile: 619-231-7423<br>rachelj@csgrr.com<br>rachelj@csgrr.com<br><br>Attorneys for Plaintiff Adam Luttenberger,<br>C.D. California, CV-07-05539 |
| Stuart A Davidson<br>Paul J Geller<br>Jack Reise<br>Elizabeth A Shonson<br>COUGHLIN STOIA GELLER RUDMAN<br>& ROBBINS LLP<br>120 East Palmetto Park Road, Suite 500<br>Boca Raton, FL 33432-4809<br>Telephone: 561-750-3000<br>Facsimile: 561-750-3364<br>SDavidson@csgrr.com<br>PGeller@csgrr.com<br>eshonson@csgrr.com<br><br>Attorneys for Plaintiff Adam Luttenberger,<br>C.D. California, CV-07-05539 | Adam Balkan<br>John Patterson<br>BALKAN & PATTERSON LLP<br>601 S. Federal Highway, Suite 302<br>Boca Raton, FL 33432<br>Telephone: 561-750-9191<br>Facsimile: 561-750-1574<br>adam@balkanpatterson.com<br>john@balkanpatterson.com<br><br>Attorneys for Plaintiff Adam Luttenberger,<br>C.D. California, CV-07-05539 |

| | |
|---|---|
| Jason A. Stuckey<br>Lauren Wagner Penderson<br>GULAS & STUCKEY<br>2031 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone:  205-879-1234<br>Facsimile:  205-879-1247<br><br>Attorneys for Plaintiff Adam Luttenberger,<br>C.D. California, CV-07-05539 | Hugh R. Whiting<br>JONES DAY<br>717 Texas, Suite 3300<br>Houston, TX 77002<br>Telephone: 832-239-3939<br><br>Attorney for Defendants Mattel Inc.,<br>Fisher-Price Inc., C.D. California, CV-07-05539 |
| Ricky L Shackelford<br>JONES DAY<br>555 West 5th Street, Suite 4600<br>Los Angeles, CA 90013-1025<br>213-489-3939<br>rlshackelford@jonesday.com<br><br>Attorney for Defendants Mattel Inc.,<br>Fisher-Price Inc., C.D. California, CV-07-05539 | Laurence D. King<br>Linda M. Fong<br>KAPLAN FOX & KILSHEIMER LLP<br>555 Montgomery Street, Suite 1501<br>San Francisco, California 94111<br>Telephone: 415-772-4700<br>Facsimile: 415-772-4707<br>lking@kaplanfox.com<br>lfong@kaplanfox.com<br><br>Attorneys for Plaintiffs Heather Davis<br>Puerzer and Kim A. Cosgrove, C.D.<br>California, CV-07-05661 |
| Frederic S. Fox<br>Donald Hall<br>KAPLAN FOX & KILSHEIMER LLP<br>850 Third Avenue, 22nd Floor<br>New York, New York 10022<br>Telephone: 212-687-1980<br>Facsimile: 212-687-7714<br>ffox@kaplanfox.com<br>dhall@kaplanfox.com<br><br>Attorneys for Plaintiffs Heather Davis<br>Puerzer and Kim A. Cosgrove, C.D.<br>California, CV-07-05661 | Lori S. Brody<br>KAPLAN FOX & KILSHEIMER LLP<br>1801 Century Park East, Suite 1460<br>Los Angeles, CA 90067<br>Telephone: 310-785-0800<br>Facsimile: 310-785-0897<br>lbrody@kaplanfox.com<br><br>Attorney for Plaintiffs Heather Davis<br>Puerzer and Kim A. Cosgrove, C.D.<br>California, CV-07-05661 |

| | |
|---|---|
| Elwood G Lui<br>JONES DAY<br>555 South Flower, 50th Floor<br>Los Angeles, CA 90071<br>Telephone: 213-243-2435<br>Facsimile: 213-243-2539<br>elui@jonesday.com<br><br>Attorney for Defendants Mattel Inc.,<br>Fisher-Price Inc., C.D. California, CV-07-05661 | Thomas E Fennell<br>Michael L. Rice<br>JONES DAY<br>2727 North Harwood Street<br>Dallas, TX 75201<br>Telephone: 214-220-3939<br>Facsimile: 214-969-5100<br>tefennell@jonesday.com<br><br>Attorneys for Defendants Mattel Inc.,<br>Fisher-Price Inc., C.D. California, CV-07-05661 |
| Hugh R. Whiting<br>JONES DAY<br>717 Texas, Suite 3300<br>Houston, TX 77002<br>Telephone: 832-239-3939<br><br>Attorney for Defendants Mattel Inc.,<br>Fisher-Price Inc., C.D. California, CV-07-05661 | Elaine T. Byszewski<br>Lee M. Gordon<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>700 S. Flower Street, Suite 2940<br>Los Angeles, CA 90017<br>Telephone: 213-330-7150<br>Facsimile: 213-330-7152<br><br>Attorneys for Plaintiff Nisha Shah, C.D. California, CV-07-5960 |
| Steve W. Berman<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>1301 Fifth Aveune, Suite 2900<br>Seattle, WA 90801<br>Telephone: 206-623-7292<br>Facsimile: 206-623-0594<br><br>Attorney for Plaintiff Nisha Shah, C.D. California, CV-07-5960 | Elizabeth A. Fegan<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>820 North Boulevard, Suite B<br>Oak Park, IL 60301<br>Telephone: 708-776-5600<br>Facsimile: 708-776-5601<br><br>Attorney for Plaintiff Nisha Shah, C.D. California, CV-07-5960 |
| Fisher-Price Inc.<br>636 Girard Avenue<br>East Aurora, New York 14052<br><br>Defendant, C.D. California, CV-07-5960 | Mattel Inc.<br>333 Continental Boulevard<br>El Segundo, CA 90245<br><br>Defendant, C.D. California, CV-07-5960 |

| | |
|---|---|
| Steven Michael Hayes<br>HANLY CONROY BIERSTEIN<br>SHERIDAN FISHER & HAYES, LLP<br>112 Madison Avenue<br>New York, NY 10016<br>Telephone:  212-784-6400<br>Facsimile: 212-784-6420<br>shayes@hanlyconroy.com<br><br>Attorney for Plaintiff Farrah Shoukry, S.D.<br>New York, CV-07-7182 | Lance A. Harke<br>Sarah Clasby Engel<br>HARKE CLASBY LLP<br>155 South Miami Avenue, Suite 600<br>Miami, FL 33130<br>Telephone:  305-536-8220<br>Facsimile:  305-536-8229<br>lharke@harkeclasby.com<br>lharke@harkeclasby.com<br><br>Attorneys for Plaintiff Farrah Shoukry,<br>S.D. New York, CV-07-7182 |
| Ben Barnow<br>BARNOW & ASSOCIATES PC<br>One North LaSalle Street, Suite 600<br>Chicago, IL 60602<br>Telephone: 312-621-2000<br>Facsimile:  312-641-5504<br>b.barnow@barnowlaw.com<br><br>Attorney for Plaintiff Farrah Shoukry, S.D.<br>New York, CV-07-7182 | Aron D. Robinson<br>THE LAW OFFICE OF ARON D.<br>ROBINSON<br>19 South LaSalle Street, Suite 1300<br>Chicago, IL 60603<br>Telephone: 312-857-9050<br>Facsimile:  312-857-9054<br>adroblaw@aol.com<br><br>Attorney for Plaintiff Farrah Shoukry, S.D.<br>New York, CV-07-7182 |
| Kenneth J. Brennan<br>SIMMONS COOPER LLP<br>707 Berkshire Boulevard<br>East Alton, IL 62024<br>Telephone:  618-259-2222<br>Facsimile:  618-259-2251<br>kbrennan@simmonscooper.com<br><br>Attorney for Plaintiff Farrah Shoukry, S.D.<br>New York, CV-07-7182 | Traci L. Lovitt<br>JONES DAY<br>22 East 41st Street<br>New York, NY 10017-6702<br>Telephone: 212-326-3939<br>Facsimile: 212-755-7306<br>tlovitt@jonesday.com<br><br>Attorney for Defendants Mattel Inc.,<br>Fisher-Price Inc., S.D. New York, CV-07-7182 |

| | |
|---|---|
| Hugh R. Whiting<br>JONES DAY<br>717 Texas, Suite 3300<br>Houston, TX 77002<br>Telephone: 832-239-3939<br><br>Attorney for Defendants Mattel Inc.,<br>Fisher-Price Inc., S.D. New York, CV-07-7182 | Thomas E Fennell<br>Michael L. Rice<br>JONES DAY<br>2727 North Harwood Street<br>Dallas, TX 75201<br>Telephone: 214-220-3939<br>Facsimile: 214-969-5100<br>tefennell@jonesday.com<br><br>Attorneys for Defendants Mattel Inc.,<br>Fisher-Price Inc., S.D. New York, CV-07-7182 |
| Steven Michael Hayes<br>HANLY CONROY BIERSTEIN<br>SHERIDAN FISHER & HAYES, LLP<br>112 Madison Avenue<br>New York, NY 10016<br>Telephone: 212-784-6400<br>Facsimile: 212-784-6420<br>shayes@hanlyconroy.com<br><br>Attorney for Plaintiff Seth Goldman, S.D.<br>New York, CV-07-7764 | Lance A. Harke<br>Sarah Clasby Engel<br>HARKE CLASBY LLP<br>155 South Miami Avenue, Suite 600<br>Miami, FL 33130<br>Telephone: 305-536-8220<br>Facsimile: 305-536-8229<br>lharke@harkeclasby.com<br>lharke@harkeclasby.com<br><br>Attorneys for Plaintiff Seth Goldman, S.D.<br>New York, CV-07-7764 |
| Ben Barnow<br>BARNOW & ASSOCIATES PC<br>One North LaSalle Street, Suite 600<br>Chicago, IL 60602<br>Telephone: 312-621-2000<br>Facsimile: 312-641-5504<br>b.barnow@barnowlaw.com<br><br>Attorney for Plaintiff Seth Goldman, S.D.<br>New York, CV-07-7764 | Aron D. Robinson<br>THE LAW OFFICE OF ARON D.<br>ROBINSON<br>19 South LaSalle Street, Suite 1300<br>Chicago, IL 60603<br>Telephone: 312-857-9050<br>Facsimile: 312-857-9054<br>adroblaw@aol.com<br><br>Attorney for Plaintiff Seth Goldman, S.D.<br>New York, CV-07-7764 |

| | |
|---|---|
| Kenneth J. Brennan<br>SIMMONS COOPER LLP<br>707 Berkshire Boulevard<br>East Alton, IL 62024<br>Telephone: 618-259-2222<br>Facsimile: 618-259-2251<br>kbrennan@simmonscooper.com<br><br>Attorney for Plaintiff Seth Goldman, S.D.<br>New York, CV-07-7764 | Fisher-Price Inc.<br>636 Girard Avenue<br>East Aurora, New York 14052<br><br>Defendant, S.D. New York, CV-07-7764 |
| Mattel Inc.<br>333 Continental Boulevard<br>El Segundo, CA 90245<br><br>Defendant, S.D. New York, CV-07-7764 | William N. Riley<br>Jamie Ranah Kendall<br>Joseph N. Williams<br>PRICE WAICUKAUSKI & RILEY<br>301 Massachusetts Avenue<br>Indianapolis, IN 46204<br>Telephone: 317-633-8787<br>Facsimile: 317-633-8797<br>wriley@price-law.com<br>jkendall@price-law.com<br>jwilliams@price-law.com<br><br>Attorneys for Plaintiffs Steve Sarjent and Joy<br>Sarjent, S.D. Indiana, CV-07-01060 |
| Mark J.R. Merkle<br>Marc T. Quigley<br>Matthew C. Branic<br>KRIEG DEVAULT<br>One Indiana Square<br>Suite 2800<br>Indianapolis, IN 42604-2079<br>Telephone: 317-636-4341<br>Facsimile: 317-636-1507<br>mmerkle@kdlegal.com<br>mquigley@kdlegal.com<br>mbranic@kdlegal.com<br><br>Attorneys for Defendants Mattel Inc.,<br>Fisher-Price Inc., S.D. Indiana, CV-07-<br>01060 | Richard M. Golomb<br>Ruben Honik<br>Stephan Matanovic<br>GOLOMB & HONIK<br>121 S. Broadway Street, 9th Floor<br>Philadelphia, PA 19107<br>Telephone: 215-985-9177<br>Facsimile: 215-985-4169<br>rgolomb@golombhonik.com<br>rhonik@golombhonik.com<br>smatanovic@golombhonik.com<br><br>Attorneys for Plaintiff Nydia Monroe, E.D.<br>Pennsylvania, CV-07-03410 |

| | |
|---|---|
| Mattel, Inc.,<br>333 Continental Boulevard<br>El Segundo, CA 90245<br><br>Defendant, E.D. Pennsylvania, CV-07-03410 | Michael D. Gottsch<br>CHIMICLES & TIKELLIS LLP<br>361 West Lancaster Avenue<br>Haverford, PA 19041<br>Telephone:  610-642-8500<br>Facsimile:<br>michaelgottsch@chimicles.com<br><br>Attorneys for Plaintiffs Jacob Chow, Tim Chow and Troy Chow, E.D. Pennsylvania, CV-07-03741 |
| Amir Stark<br>THE STARK LAW OFFICE, P.C.<br>2766 Fischer Road<br>Hatfield, PA 19440<br>Telephone:  215-275-2919<br>Facsimile:  215-855-6029<br><br>Attorneys for Plaintiffs Jacob Chow, Tim Chow and Troy Chow, E.D. Pennsylvania, CV-07-03741 | Ronen Sarraf<br>Joseph Gentile<br>SARRAF GENTILE LLP<br>11 Hanover Square, 2nd Floor<br>New York, NY 10005<br>Telephone:  212-868-3610<br>Facsimile:  212-918-7967<br><br>Attorneys for Plaintiffs Jacob Chow, Tim Chow and Troy Chow, E.D. Pennsylvania, CV-07-03741 |
| Mattel, Inc.<br>333 Continental Boulevard<br>El Segundo, CA 90245<br><br>Defendant, E.D. Pennsylvania, CV-07-03741 | Mattel Overseas, Inc.<br>333 Continental Boulevard<br>El Segundo, CA 90245<br><br>Defendant, E.D. Pennsylvania, CV-07-03741 |
| Mattel Sales Corp.<br>333 Continental Boulevard<br>El Segundo, CA 90245<br><br>Defendant, E.D. Pennsylvania, CV-07-03741 | Mattel Direct Import, Inc.<br>333 Continental Boulevard. 15th Floor<br>El Segundo, CA 90245<br><br>Defendant, E.D. Pennsylvania, CV-07-03741 |
| Mattel Operations, Inc.<br>333 Continental Boulevard<br>El Segundo, CA 90245<br><br>Defendant, E.D. Pennsylvania, CV-07-03741 | Fisher-Price, Inc.<br>636 Girard Avenue<br>East Aurora, New York 14052<br><br>Defendant, E.D. Pennsylvania, CV-07-03741 |

| | |
|---|---|
| Gilbert Scott Bagnell<br>BAGNELL & EASON<br>PO Box 11852<br>Columbia, SC 29211-1852<br>Telephone: 803-748-1333<br>Facsimile: 803-748-1300<br>gilbagnell@bagnellandeason.com<br><br>Attorney for Plaintiffs Daniel S. Hughey<br>and Caroline I. Hughey, D. South Carolina,<br>CV-07-02930 | John Gressette Felder, Jr.<br>MCGOWAN HOOD FELDER &<br>JOHNSON<br>1405 Calhoun Street<br>Columbia, SC 29201<br>Telephone: 803-779-0100<br>Facsimile: 803-787-0750<br>jfelder@mcgowanhood.com<br><br>Attorney for Plaintiffs Daniel S. Hughey<br>and Caroline I. Hughey, D. South Carolina,<br>CV-07-02930 |
| Steven Randall Hood<br>Chad A McGowan<br>MCGOWAN HOOD FELDER &<br>JOHNSON<br>1539 Healthcare Drive<br>Rock Hill, SC 29732<br>Telephone: 803-327-7800<br>Facsimile: 803-328-5656<br>rhood@mcgowanhood.com<br>cmcgowan@mcgowanhood.com<br><br>Attorneys for Plaintiffs Daniel S. Hughey<br>and Caroline I. Hughey, D. South Carolina,<br>CV-07-02930 | Mattel, Inc.<br>333 Continental Boulevard<br>El Segundo, CA 90245<br><br>Defendant, D. South Carolina, CV-07-02930 |
| Fisher-Price, Inc.<br>636 Girard Avenue<br>East Aurora, New York 14052<br><br>Defendant, D. South Carolina, CV-07-02930 | |

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed September 14, 2007 at San Francisco, California.

Adrianna D. Gutierrez

11