**EXHIBIT D**

# McGOWAN, HOOD, FELDER & JOHNSON, LLC

W. JONES ANDREWS, JR.
JOHN G. FELDER, JR.
S. RANDALL HOOD
CHAD A. McGOWAN (SC, GA, NC)
T. TRAVIS MEDLOCK
DANIEL "ERNIE" PEAGLER
ROBERT V. PHILLIPS
KEVIN H. SITNIK
JOSEPH G. WRIGHT, III

ROCK HILL • COLUMBIA
ANDERSON

MCGOWANHOOD.COM

1405 CALHOUN STREET
COLUMBIA, SOUTH CAROLINA
29201

803.779.0100
FAX 803.787.0750

WRITER'S E-MAIL:
JFELDER@MCGOWANHOOD.COM

September 5, 2007

Judicial Panel on Multidistrict Litigation
One Columbus Circle, NE
Thurgood Marshall Federal Judiciary Building
Room G-255
Washington, DC 20002

Re:   In Re Mattel Lead Painted Toys Litigation

Dear Sir or Madam:

Enclosed, please find the original and four (4) copies of the Plaintiffs/Movants Daniel and Caroline Hughey's Motion to Transfer for Coordinated or Consolidated Pretrial Proceedings, Memorandum in Support of Plaintiffs' Motion to Transfer for Coordinated or Consolidated Pretrial Proceedings, Schedule of Actions, and Proof of Service. As well, we have enclosed a computer generated disk in PDF format with the above referenced document.

Thank you for your attention to this matter. Please feel free to contact our office if you have any questions or concerns.

Sincerely,

s/ John G. Felder, Jr.

John G. Felder, Jr.

JGF/ab
enclosure
cc:   S. Randall Hood, Esquire
      Gilbert S. Bagnell, Esquire
      Clerk of Court Service List
      Mattel, Inc., Office of the President
      Fisher-Price, Office of the President

RECEIVED

SEP 1 0 2007

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

MDL Docket No. _____

**In Re Mattel Lead Painted Toys Litigation**

**PLAINTIFF DANIEL AND CAROLINE HUGHEY'S MOTION TO TRANSFER FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Plaintiffs Daniel and Carolina Hughey, minor children, by and through their parent and natural guardian Nathan Hughey, through counsel, move this Panel pursuant to 28 U.S.C. § 1407 to transfer five class action cases for coordinated or consolidated pretrial proceedings. In support of their Motion, the Hughey's attach a supporting memorandum, and also state as follows:

1. This motion seeks to coordinate five highly similar class actions pending in South Carolina, California, Pennsylvania, New York, and Indiana, each brought on behalf of children exposed to toys containing lead paint distributed by Mattel and other defendants since April, 2007. (See Attached Schedule of Actions).

2. According to public reports, the toys were imported by Mattel and distributed by its subsidiary Fisher Price and others. The toys were purchased from manufacturers in China.

3. On August 8, 2007, Ann Mayhew commenced a class action against Mattel, Inc. and other defendants in the Central District of California, seeking class certification and damages including medical for children exposed to contaminated toys. *Ann L. Mayhew v. Mattel, Inc.*, Case No. 2:07-cv-05126-DSF-AJW (the "Mayhew Action").

4. On August 10, 2007, Farrah Shoukry commenced a class action in the Southern District of New York against Fisher-Price, Inc. and Mattel, Inc., seeking certification of a class action on behalf of all children nationwide exposed to contaminated toys, certification of a defendant class of all distributors of the toys, and damages including the cost of the toys and testing for exposure to lead. *Shoukry v. Fisher-Price and Mattel, Inc.*, Case No. 07-cv-7182 (the "Shoukry Action").

5. On August 16, 2007, Steve Sarjent and Joy Sarjent commenced a class action in the Southern District of Indiana against Fisher-Price, Inc. and Mattel, Inc., seeking certification of either a nationwide class or an Indiana class of purchasers of contaminated toys, certification of a medical monitoring class, and seeking damages and medical monitoring. *Steve Sarjent and Joy Sargent on behalf of S.S.S. and J.L.S., minors, v. Fisher-Price, Inc. and Mattel, Inc.*, Case No. 07-cv-01060-JDT-TAB (the "Sarjent Action").

6. On August 17, 2007, Nydia Monroe commenced a class action against Mattel, Inc. seeking certification of a class on behalf of all children under the age of six in Pennsylvania exposed to the contaminated toys and seeking establishment of a medical monitoring fund and

payment of costs of publication. *Monroe v. Mattel*, Case No. 2:07-cv-03410-PBT (the "Monroe Action").

7. On August 24, 2007, Daniel and Caroline Hughey commenced a class action against Mattel, Inc. and Fisher-Price, Inc. on behalf of all children in South Carolina exposed to the contaminated toys, and seeking damages in the form of medical monitoring and testing. *Daniel and Carolina Hughey v. Mattel, Inc. and Fisher-Price, Inc.*, Case No. 2:07-cv-02930-DCN (the "Hughey Action").

8. There have been no substantive rulings in any of the above actions.

9. The above actions all arise from the fact that toys produced in China and imported by Mattel were contaminated with lead.

10. The above actions all seek relief on behalf of classes of children who were exposed to the contaminated toys.

11. The central purpose of all of the above actions is to establish a program of medical monitoring for the purpose of early detection of exposure to lead for children in the plaintiff classes.

12. The actions differ only in that some seek relief on behalf of statewide classes, while others seek nationwide relief; some seek additional damages, and some also seek to certify defendant classes, consisting of other companies who may have also distributed contaminated toys from the same source or sources.

13. Mattel is a Delaware corporation with its principal headquarters in El Segundo, California, and Fisher-Price is a Delaware corporation with headquarters in New York City, NY.

14. The applicable laws relating to strict liability, medical monitoring, and the like differ from state to state.

15. It appears that most of the discovery will relate to medical issues, such as the need for monitoring, the best method of structuring a monitoring program, certification of a plaintiff class or classes, and the Defendants' responsibility to fund a monitoring program. There does not appear to be need for intensive discovery at the Defendants' headquarters since the toys were not manufactured there.

WHEREFORE, for the reasons stated above as well as in the accompanying memorandum, the Hughey Plaintiffs request that this Panel transfer the Class Actions to Judge Norton in the Charleston Division of the District of South Carolina, or such other Court as may appear appropriate, for coordinated or consolidated pretrial proceedings.

Respectfully submitted,

John G. Felder, Jr. (Fed ID # 06441)
McGowan, Hood & Felder, LLC
1405 Calhoun Street
Columbia, SC 29201
Tel:   (803) 779-0100
Fax:   (803) 787-0750
jfelder@mcgowanhood.com

S. Randall Hood  (Fed. ID # 06103)
Chad A. McGowan (Fed. ID # 06620)
McGowan, Hood & Felder, LLC
1539 Health Care Drive
Rock Hill, South Carolina 29732
Tel:   803) 327-7800
Fax:(803) 328-5656
rhood@mcgowanhood.com

4

                Gilbert S. Bagnell (Fed. ID # 05768)
                1201 Main Street, Suite 1980
                Columbia, SC 29201
                Tel:   803-748-1333
                Fax:  803-748-1300
                GilBagnell@BagnellandEason.com

                ATTORNEYS FOR HUGHEY PLAINTIFFS

September 5, 2007
Columbia, South Carolina

# SCHEDULE OF ACTIONS

## In re Mattel Lead Painted Toys Litigation

Cases as of 09/05/07

| District | Caption | Date Filed | Case No. | Judge(s) |
|---|---|---|---|---|
| Central District of California | Ann L. Mayhew v. Mattel, Inc. | 08/08/07 | 2:07-cv-05126-DSF-AJW | Dale S. Fischer |
| Southern District of New York | Shoukry v. Fisher-Price and Mattel, Inc. | 08/10/07 | 07-cv-7182 | Denise L. Cote |
| Southern District of Indiana | Steve Sarjent and Joy Sarjent on behalf of S.S.S. and J.L.S., minors, v. Fisher-Price, And Mattel, Inc. | 08/16/07 | 07-cv-01060-JDT-TAB | John Daniel Tinder |
| Eastern District of Pennsylvania | Monroe v. Mattel | 08/17/07 | 2:07-cv-03410-PBT | Petrese B. Tucker |
| District of South Carolina | Daniel and Caroline Hughey v. Mattel, Inc. and Fisher-Price, Inc. | 08/24/07 | 2:07-cv-02930 | David C. Norton |

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

MDL Docket No. _____

In Re Mattel Lead Painted Toys Litigation

**MEMORANDUM IN SUPPORT OF
PLAINTIFF DANIEL AND CAROLINA HUGHEY'S MOTION TO TRANSFER FOR
COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

## INTRODUCTION

This motion seeks to consolidate five overlapping class actions pending in various district courts across the country. All of the complaints seek certification of classes on behalf of children exposed to lead contaminated toys distributed by Mattel and Fisher-Price since April, 2007. The central relief sought in all of the complaints is the establishment of a medical monitoring program to detect exposure to lead so that children who have been exposed can receive appropriate treatment as soon as possible. Because all of the actions involve similar issues and relief, centralized proceedings are proper.

## BACKGROUND

Around April, 2007, Mattel, Inc. and Fisher-Price, its subsidiary, imported and began to distribute toys containing lead paint, apparently manufactured in China by a company called Dar Lee, and possibly others. The toys were subsequently recalled, but numerous children, probably numbering in the millions, were exposed to the toys and are at risk of lead poisoning. There appears to be little ground for dispute that the defendants distributed the toys, and that lead paint presents a risk of lead poisoning to children.

The actions proposed for consolidation seek various damages, but uniformly seek medical monitoring for the children who were exposed to the toys. It is probable that not all of the millions of children exposed to the toys actually ingested lead, and only a percentage of those are likely to have ingested harmful amounts of lead (although very small amounts can, in fact be harmful). Therefore an overriding concern in all of the cases is to move forward as quickly as possible to institute a testing and monitoring program, and to identify as soon as possible which children have been exposed to harmful amounts of lead so that they may receive appropriate treatment.

The Hughey's Motion to Transfer details the five actions that have been commenced to date.

## DISCUSSION

**A. COMMON ISSUES CONCERNING THE NEED FOR MEDICAL MONITORING AND THE BEST MANNER TO STRUCTURE A MONITORING PROGRAM NECESSITATE COORDINATED DISCOVERY.**

When class actions pose common questions of fact, transfer is appropriate. In re LTV Corp. Securities Litigation, 470 F.Supp. 859 (JPML 1979). In this case, nearly all of the fact issues will be the same from case to case. While some of the class actions present legal questions peculiar to state classes (such as the Hughey Action, the Sarjent Action, and the Monroe Action), those issues

are likely to be purely legal issues, involving matters such as state strict liability law. Factual issues requiring discovery, on the other hand, will be common to all potential classes. They will involve issues such as the level of risk posed by exposure to the toys in question, the need for testing, and the best manner of structuring a testing program or programs. Nearly all this discovery will best be accomplished through coordinated proceedings.

Most important, the efficiencies of coordinated proceedings will enable the establishment of a testing and monitoring program, if warranted, as soon as possible, a matter of overriding importance to the children involved.

### B.    A TRANSFER WILL PROMOTE THE JUST AND EFFICIENT CONDUCT OF THE CLASS ACTIONS.

This Panel has recognized the importance of having overlapping class actions handled in a single forum: "It is desireable to have a single judge oversee the class action issues in all these actions to avoid duplicative efforts and inconsistent rulings ..." *In re LTV*, 470 F.Supp. at 862. *See also In re Folding Carton Antitrust Litigation*, 415 F.Supp. 384 (JPML 1976). When there are multiple classes, possibly overlapping or conflicting, it also also desirable to handle the matter in a single forum. *In re Antibiotic Drugs*, 299 F.Supp. 1403 (JPML 1969). Inconsistent class determinations and swift resolution of class issues are best handled in coordinated proceedings. In re Plywood Antitrust Litigation, 376 F.Supp. 1405 (JPML 1974).

Because of closely related claims, similar and overlapping claims for relief, and the possibility of conflicting or inconsistent rulings, it is appropriate for these cases to be transferred for coordinated or consolidated pretrial proceedings.

Additionally, it is in the interest of all parties, including the defendants, to achieve the efficiency afforded by coordinated proceedings and discovery: transfer effectuates "a significant

overall savings of cost to all concerned." *In re Cuisinart Food Processor Antitrust Litigation*, 506 F.Supp. 651 (JPML 1981).

C. **TRANSFER TO THE HONORABLE DAVID NORTON IN THE DISTRICT OF SOUTH CAROLINA WILL ENABLE THIS MATTER TO MOVE EXPEDITIOUSLY SO AS TO PROVIDE FOR EARLY TESTING AND INTERVENTION FOR CHILDREN EXPOSED TO THE LEAD TOYS.**

Although the geographical "center of gravity" of actions is often used to determine venue for transfer, in some cases there is no real geographical focal point because the issues are really common across the country. In such cases, other consideration are more important. *In re Motor Fuel Temperature Sales Practices Litigation*, JPMDL Docket No. 1840, Transfer Order entered June 18, 2007 (Where constituent actions are geographically dispersed and no district stands out as the geographic focal point, Panel looks for transferee judge with time and experience to steer litigation and sitting in a district with capacity to handle the litigation).

The Defendants have centers of operations in California and New York, and are Delaware corporations, but in this particular case there is no strong reason to prefer any one of those venues, because the likely areas of controversy will be issues concerning the effect of the lead contaminated toys on the class – including the need for monitoring, the best means of testing and monitoring, and possibly regional considerations across the country. The toys themselves are reported to have been manufactured outside of the United States, and the defendants have publicly conceded having distributed the toys, so issues involving witnesses clustered at the Defendants' headquarters should be relatively limited.

A more important factor in determining an appropriate venue in this case is the need to move toward resolution quickly. If the children exposed to the toys are to be monitored, the sooner the

monitoring can begin the better. In fact, any campaign to alert the children and their parents to the availability of monitoring is far more likely to be successful if it can be started relatively soon after their exposure to the toys. For this reason, an appropriate venue for pretrial proceedings would be one with a less-cluttered docket.

For this reason, Petitioners suggest South Carolina as a favorable venue. Statistics show that cases in the District Court are disposed of with reasonable speed; more important, the docket is not a crowded one and South Carolina has far fewer MDL cases than, for example, the Central District of California or the Southern District of New York. The less crowded docket will allow the court to handle the case as expeditiously as possible. It is also worth noting that class actions of this sort often involve interlocutory appeals. The Fourth Circuit Court of Appeals is notable for the speed with which it disposes of appeals, another good reason for transfer of the cases to the District of South Carolina.

The Charleston Division of the District of South Carolina, in which Judge Norton, who has been assigned the Hughey case, sits, is a convenient location for the parties, since it is a city with extensive facilities for out-of-state visitors, easily reached through its airport, but without the congestion of cities sucf as New York.

In the alternative, the Hugheys ask for transfer to such other Court as this Panel believes will be able to move the matter forward as quickly as possible in order to establish a monitoring system at the earliest possible time for the protection of the children in the proposed classes.

Respectfully submitted,

John G. Felder, Jr. (Fed ID # 06441)   09450
McGowan, Hood & Felder, LLC
1405 Calhoun Street
Columbia, SC 29201

Tel:    (803) 779-0100
Fax:   (803) 787-0750
jfelder@mcgowanhood.com

S. Randall Hood (Fed. ID # 06103)
Chad A. McGowan (Fed. ID # 06620)
McGowan, Hood & Felder, LLC
1539 Health Care Drive
Rock Hill, South Carolina 29732
Tel:    803) 327-7800
Fax:(803) 328-5656
rhood@mcgowanhood.com

Gilbert S. Bagnell (Fed. ID # 05768)
1201 Main Street, Suite 1980
Columbia, SC 29201
Tel:    803-748-1333
Fax:   803-748-1300
GilBagnell@BagnellandEason.com

ATTORNEYS FOR HUGHEY PLAINTIFFS

September 5, 2007
Columbia, South Carolina