Michael J. Templeton (MT 8709)
Catherine M. Ferrara-Depp (CF-2329)
JONES DAY
222 East 41st Street
New York, NY  10017
Telephone:  (212) 326-3939

*Attorneys for Defendants Fisher-Price, Inc.
and Mattel, Inc.*

ELECTRONICALLY FILED

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FARRAH SHOUKRY, individually and on behalf of all other similarly situated,<br><br>                                             Plaintiff,<br><br>-against-<br><br>FISHER-PRICE INC., a Delaware Corporation and MATTEL, INC., a Delaware Corporation, each separately and on behalf of all other entities similarly situated,<br><br>                                             Defendants. | ECF CASE<br><br><br>Civil Action No.  07 CV 7182 (DLC) (DCF) |

**DEFENDANTS FISHER-PRICE, INC.'S AND MATTEL, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY
ALL PROCEEDINGS PENDING A DECISION ON
DEFENDANTS' MOTION TO TRANSFER UNDER 28 U.S.C. § 1407**

This action is one of eleven duplicative and overlapping putative class actions that have been filed recently in federal district courts following the voluntary toy recalls announced by Defendant Mattel, Inc. ("Mattel"), on August 2, August 14 and September 4, 2007.  These actions focus primarily on toys, made by contract manufacturers in China, that were recalled because surface paint on portions of the toys potentially contained levels of lead in excess of applicable standards, due to application of noncompliant paint.  These eleven cases all make similar claims, seek fundamentally the same remedies, and purport to be filed on behalf of overlapping putative classes of purchasers and users of the recalled toys.

1

The first of these cases was filed in the United States District Court for the Central District of California; four of the other cases also were filed in the Central District of California.[1] In light of the "California tilt" to the litigation and the fact that Mattel is headquartered in California,[2] where much of the discovery relating to this litigation likely will take place, on September 5, 2007, Defendants filed a motion with the Judicial Panel On Multidistrict Litigation (the "JPML") seeking to have all of the cases coordinated for pretrial in one proceeding in the United States District Court for the Central District of California. (Templeton Dec. at ¶ 7). Defendants also filed a copy of the motion to transfer with the Clerk of this Court. (A copy of Defendants' Motion for § 1407 Transfer of Actions to the Central District of California and Brief in Support is annexed as Exhibit B to the Templeton Dec.). Plaintiffs in three of the pending federal cases filed a joint motion to transfer the pending federal cases to the Central District of California.[3] Plaintiffs in one of the actions also support coordination of the cases, but seek transfer to a different district court.[4] As of the date of this motion, only one of the Plaintiffs in the federal actions opposes transfer.[5]

---

[1] A list of the eleven pending federal cases is annexed as Exhibit A to the Declaration of Michael J. Templeton in Support of Defendants' Motion to Stay All Proceedings Pending a Decision on Defendants' Motion to Transfer Under 28 U.S.C. § 1407, dated September 26, 2007 ("Templeton Dec."), filed contemporaneously herewith. In addition, four cases have been filed in State courts – three in California and one in the District of Columbia. (Templeton Dec. at ¶ 5). Mattel intends to remove these four cases to federal court. (*Id.*).

[2] Templeton Dec. at ¶ 6.

[3] *See* Templeton Dec. at ¶ 8. Plaintiffs Heather Davis Puerzer and Kim Cosgrove, Steve and Joy Sarjent, and Nisha Shah moved to transfer on September 19, 2007. (A copy of the motion is annexed as Exhibit C to the Templeton Dec.).

[4] *See* Templeton Dec. at ¶ 9. Plaintiffs Daniel and Caroline Hughey filed a motion to transfer to the Charleston Division of the District of South Carolina. (A copy of the motion is annexed as Exhibit D to the Templeton Dec.).

[5] *See* Templeton Dec. at ¶ 10. Plaintiff Nydia Monroe filed responses opposing Defendants' and the Hughey Plaintiffs' motions for transfer. (*Id.*).

2

As the JPML has recognized, the potential for conflicting or overlapping class actions "presents one of the strongest reasons" for transfer under 28 U.S.C. §1407(a). *In re Plumbing Fixtures,* 308 F. Supp. 242, 243-244 (J.P.M.L. 1970). Indeed, transfer is favored to ensure consistency of rulings, especially with respect to class certification matters.[6] As the Multidistrict Litigation Manual notes, "[t]he management of the litigation would become exceedingly difficult if similar actions involving overlapping classes were proceeding in different districts." MULTIDISTRICT LITIGATION MANUAL at §5.24 (2007).

Plaintiff filed this putative nationwide class action on August 10, 2007; it is at an early pleading stage, with Defendants' response to the complaint due to be filed on October 15, 2007. (Templeton Dec. at ¶¶ 12-13). Discovery has not yet begun. The Court has scheduled an initial pretrial conference for October 19, 2007. (Templeton Dec. at ¶ 14). No other activity has occurred in the case. Plaintiff in this action alleges that in June 2007 she purchased one of the toys recalled by Mattel; she asserts claims like those made in the other actions and seeks to represent a putative nationwide class like that alleged in the first-filed case. (*See* Class Action Complaint).

To avoid waste of judicial resources and unnecessary pretrial proceedings, especially at this stage in the litigation, Defendants respectfully move this Court to stay all proceedings in this case until the JPML has ruled on defendants' motion to transfer. A stay of these proceedings

---

[6] *In re Roadway Express, Inc. Employment Practices Litig.*, 384. F. Supp. 612, 613 (J.P.M.L. 1974) (noting that the conflicting and overlapping class allegations "raise the indubitable possibility of inconsistent class determinations by courts of coordinate jurisdiction" and the need to eliminate this possibility presents a highly persuasive reason favoring transfer); *In re Maytag Corp. Neptune Washer Products Liab. Litg.* 333 F. Supp. 2d 1382, 1383 (J.P.M.L. 2004) (finding that transfer of three purported class actions brought by persons seeking to recover damages due to alleged defects in washing machines was necessary in order to prevent inconsistent pretrial rulings, especially with respect to jurisdiction and class certification matters).

pending the JPML's decision on transfer is necessary to achieve the purposes of Section 1407 – promotion of the just and efficient administration of the litigation.  *See* 28 U.S.C. § 1407.  A stay would further advance the purposes of Section 1407 here by allowing the litigation to go forward under one schedule in one proceeding if the JPML decides to transfer the cases to the Central District of California.  Absent a stay, Defendants will be prejudiced because they would be forced to duplicate pretrial procedures, and address potentially conflicting discovery demands, in multiple courts.

## ARGUMENT

### A.    The Court Has Discretion to Order a Stay.

This Court has authority to stay this case.  A federal district court's power to stay an action "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  In fact, Courts have frequently stayed actions during the pendency of motions to transfer before the JPML.  *Rosenfeld v. Hartford Fire Ins. Co.*, Nos. 88 CIV. 2153 (MJL), 88 CIV. 2252 (MJL), 1988 WL 49065, at *1 (S.D.N.Y. May 12,1988)[7] (noting that the Supreme Court's statement in *Landis* that stays can achieve economy of time and resources was "completely applicable" where defendants sought stay pending the outcome of §1407 transfer motion); *Republic of Venezuela ex rel. Garrido v. Philip Morris Cos., Inc.*, No. 99-0586-Civ., 1999 WL 33911677, at *1 (S.D. Fla. April 28, 1999) (explaining that a "district court has the discretion to stay its proceedings" pending the JPML's decision); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) ("Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case."); *Rivers v.*

---

[7] Copies of unpublished decisions cited herein are attached.

*Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (noting that "it appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved"). In *Rosenfeld*, for example, the Southern District of New York granted a stay of putative class action antitrust complaints pending the JPML's decision whether the cases should be coordinated and transferred to another federal district court. *Rosenfeld*, 1988 WL 49065 at *2.

### B.   The Applicable Factors Compel a Stay.

A court deciding whether to issue a stay pending a decision by the JPML "should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *Rivers*, 980 F. Supp. at 136. *See also Boudreaux v. Metro. Life Ins. Co.*, No. 95-138, 1995 WL 83788, at *1 (E.D. La. Feb. 24, 1995). In the context of Multidistrict Litigation, the Manual for Complex Litigation explains that "[a] stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 22.35 (2004). Conversely, if a "case is far along in discovery or motions practice, and there is an urgent need to have that case resolved, the court may decide not to stay the proceedings." *Id.* There is no such urgent need in this case; this case is just beginning and Defendants have taken steps at an early point in the litigation to have all of the pending cases coordinated in one Court.

       1.       <u>Considerations of Judicial Efficiency Mandate a Stay.</u>

A stay will further one of the primary goals of Section 1407 – the just and efficient administration of the litigation. If the JPML determines that this and the ten other pending federal cases should be transferred, a single district court will preside over all pretrial proceedings, and manage discovery, pursuant to one schedule. Absent a stay, this Court may be required to invest time and energy on discovery schedules and pretrial rulings that may be mooted once the case is transferred. As one district court noted in granting a defendant's motion to stay, "[i]f the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be wasted." *U.S. Bank v. Royal Indem. Co.*, No. Civ.A.3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002).

Defendants respectfully submit that a stay is warranted here. A stay will conserve judicial resources and prevent wasted efforts during the pendency of the MDL motion to transfer. Staying the proceedings in this case to allow pretrial coordination before a single judge will help streamline the management of the cases, which will further the goal of judicial efficiency. In the absence of a stay, several courts may be called upon to consider motions, discovery disputes, issues relating to class certification, and other pretrial matters that can – and should – be more efficiently adjudicated in a single transferee forum where one set of case management procedures and rulings will apply to all the cases.

       2.       <u>The Balance of Hardships Warrants a Stay.</u>

In addition to conserving judicial resources, Defendants seek a stay because they will be prejudiced if they are forced to litigate duplicative pretrial matters simultaneously in multiple pending federal actions. *See Am. Seafood, Inc. v. Magnolia Processing, Inc.*, Nos. 92-1030, 92-1086, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) (holding that "[t]he duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the

defendants weigh heavily in favor of [a] stay"). Without a stay, Defendants will be subject to duplicative and potentially conflicting discovery requests and will likely be required to brief similar pretrial issues in multiple courts. *Rosenfeld*, 1988 WL 49065 at *1 (finding that "defendants would be enormously burdened if they were forced to submit answers, to answer interrogatories, to produce documents and to reply to class certification and other motions separately" in pending class action cases). If separate discovery were to go forward in multiple cases, "much work would be duplicated." *Arthur-Magna, Inc. v. Del-Val Financial Corp.*, Civ.A. No. 90-4378, 1991 WL 13725, *1 (D.N.J. Feb. 1, 1991).

While Defendants face a substantial risk of prejudice in the absence of a stay, the risk of prejudice to Plaintiff is minimal. The stay that Defendants request will be effective only until the JPML issues its decision; there will be no indefinite delay in the litigation. *See Am. Seafood, Inc.*, 1992 WL 102762, at *1 (finding that plaintiffs would not be substantially prejudiced by staying the action pending the decision of the JPML where the stay would only be in effect until the JPML issued its decision). Further indication that the stay will not be indefinite is the fact that the JPML has set a deadline of October 9, 2007 for responses to the transfer motions. (*See* Letter dated September 19, 2007 from the Clerk of the Panel to Counsel, a copy of which is annexed as Exhibit E to the Templeton Dec.). Moreover, given the early posture of the litigation, a short delay pending the JPML's decision would have little or no real impact on the progress of this case. As one district court noted, "[w]hile [plaintiffs] may suffer some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than was lost." *Rosenfeld*, 1988 WL 49065 at *2.

Allowing time to get the litigation into a single court that can apply one schedule and one set of rulings on pretrial matters will save time and resources and likely lead to an earlier resolution of the litigation. Defendants will be prepared to move forward with discovery after the JPML's decision. Since the first action was filed, Defendants have implemented procedures to preserve documents, data and information potentially relevant to the litigation. Accordingly, a stay of the case will not result in the loss of relevant information.

Thus, any prejudice that Plaintiff might possibly suffer would be minimal, and the prejudice to Defendants that would result from the absence of a stay outweighs any harm to Plaintiff. *See Arthur-Magna, Inc*, 1991 WL 13725 at *1 ("[E]ven if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay.").

## **CONCLUSION**

In exercising its inherent authority to stay this case, the Court would promote judicial economy and preserve its own resources, as well as those of the parties. Accordingly, Defendants respectfully request that this Court grant their motion to stay all proceedings in this action pending the JPML's decision on Defendants' request to transfer pursuant to 28 U.S.C. § 1407.

Dated: New York, New York
September 26, 2007

                Respectfully submitted,

                s/ Michael J. Templeton_____
                Michael J. Templeton (MT-8709)
                Catherine M. Ferrara-Depp (CF-2329)
                JONES DAY
                222 East 41st Street
                New York, NY 10017
                Telephone: (212) 326-3939

                Attorneys for Defendants Mattel, Inc. and Fisher-Price, Inc.

**Of Counsel:**

Hugh R. Whiting
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939

Thomas E. Fennell
Michael L. Rice
JONES DAY
2727 N. Harwood St.
Dallas, TX 75201
Telephone: (214) 220-3939

## CERTIFICATE OF SERVICE

I, Catherine M. Ferrara-Depp, hereby certify that on September 26, 2007, a true and correct copy of DEFENDANTS FISHER-PRICE, INC.'S AND MATTEL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS PENDING A DECISION ON DEFENDANTS' MOTION TO TRANSFER UNDER 28 U.S.C. § 1407 was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

**Attorney for Plaintiff and Purported Class Members:**
Steven M. Hayes
Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP
112 Madison Avenue, 7th Floor
New York, New York 10016
Telephone: (212) 784-6400
Facsimile: (212) 213-5349

I FURTHER CERTIFY that on September 26, 2007, true and correct copies of DEFENDANTS FISHER-PRICE, INC.'S AND MATTEL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS PENDING A DECISION ON DEFENDANTS' MOTION TO TRANSFER UNDER 28 U.S.C. § 1407 were served via overnight delivery service to the following counsel of record:

**Of Counsel**:
Lance A. Harke
Sarah Clasby Engel
Harke & Clasby LLP
155 South Miami Avenue, Suite 600
Miami, Florida 33130
Telephone: (305) 536-8220
Facsimile: (305) 536-8229

Kenneth J. Brennan
Simmons Cooper LLC
707 Berkshire Boulevard
East Alton, Illinois 62024
Telephone: (618) 259-2222
Facsimile: (618) 259-2251

| | |
|---|---|
| Ben Barnow | Aron D. Robinson |
| Barnow and Associates, P.C. | The Law Office of Aron D. Robinson |
| One North LaSalle Street, Suite 4600 | 19 South LaSalle Street, Suite 1300 |
| Chicago, Illinois  60602 | Chicago, Illinois  60603 |
| Telephone:  (312) 621-2000 | Telephone:  (312) 857-9050 |
| Facsimile:  (312) 641-5504 | Facsimile:  (312) 857-9054 |

s\  Catherine M. Ferrara-Depp
Catherine M. Ferrara-Depp (CF-2329)
Jones Day
222 East 41st Street
New York, New York  10017
(212) 326-3939

11