UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FARRAH SHOUKRY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FISHER-PRICE INC., a Delaware Corporation, and MATTEL, INC., Delaware Corporation.<br><br>Defendants. | ELECTRONICALLY FILED<br><br>ECF CASE<br><br>Civil Action No. 07-CV 7182 (DLC) (DCF)<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY ALL <u>PROCEEDINGS</u>** |

Plaintiff Farrah Shoukry ("Plaintiff"), through undersigned counsel, respectfully responds in opposition to Defendants Fisher-Price, Inc.'s and Mattel, Inc.'s Motion to Stay All Proceedings Pending a Decision on Defendants' Motion to Transfer Under 28 U.S.C. § 1407, filed on September 26, 2007. To Plaintiff's knowledge, Defendants have not filed a similar motion in any of the numerous similar lawsuits pending against it outside the Southern District of New York, and in fact have answered at least one complaint elsewhere. These facts alone reveal that Defendants' purported concerns in its motion about judicial economy are likely not the primary foundation for their motion, but rather, self-serving gamesmanship.

Moreover, Defendants' boiler-plate assertion about duplicative discovery -- an argument routinely raised by a defendant facing MDL proceedings -- presupposes that this Court will not be the transferee court for the MDL proceedings (assuming MDL treatment is ordered). Plaintiff has expressly requested that any MDL proceedings ordered in this litigation be overseen by this Court, and has provided the JPML with substantial justification for such an assignment. *See* Joint Motion of Plaintiffs Farrah Shoukry and Seth Goldman to Motions to Transfer Pursuant to 28 U.S.C. § 1407, attached hereto as Exhibit 1.

1

For these reasons, Defendants' motion should be denied, and discovery in this case should be permitted to proceed in accordance with the Federal Rules.

## **Argument**

I. **Defendants Have Filed Their Motion for an Improper Purpose**

Defendants' motion to stay all proceedings here is supported only by a self-serving and questionable basis, as the facts currently exist, and the purported justifications provided by Defendants in support of a stay are therefore not believed to be the primary motivation for the filing of this motion. To date, there have been fifteen federal actions filed throughout the United States raising allegations similar to those raised by Plaintiff here. *See* Case List, attached hereto as Exhibit 2. Nine have been filed in California, two in New York, two in Pennsylvania and one each in Indiana and South Carolina. *Id.* If Defendants were truly concerned about duplicative discovery or judicial economy, as they assert in their motion, one would certainly expect that similar motions for stays would be filed in each of these pending cases. This has not occurred, however, as Defendants, to Plaintiff's knowledge, have moved to stay only this case – leaving parallel litigations to proceed apace in several other jurisdictions. Indeed, the Defendants have answered the complaint in at least one other jurisdiction. By advancing cases filed against them in California while at the same time impeding progress here, Defendants appear to be seeking a stay here so that they may represent to the JPML that this action has not advanced very far, in contrast with the California actions, so that Defendants can have their chosen forum for any MDL proceedings. This is not a proper purpose for a stay, and the blatant inconsistency engaged in by Defendants in this regard reveals that their motion was filed for reasons other than those set forth in the motion itself. Plaintiff submits that Defendants' motion is not supportable with a good faith basis on these facts.

2

In short, while Plaintiff recognizes that legitimate and well-founded considerations regarding judicial economy can, in certain circumstances, merit a stay pending a ruling on a motion to transfer, Plaintiff respectfully submits that Defendants have failed to legitimately support such an argument here. For this reason, Defendants' motion should be denied.

**II.     Plaintiff Has Petitioned for This Court to Oversee any MDL Proceedings, Eliminating any Purported Concerns About Duplicative Discovery**

Assuming that Defendants are truly concerned about judicial economy and the potential for duplicative discovery, which Plaintiff disputes, these concerns presuppose that this Court will not be the transferee court for any MDL Proceedings, *i.e.*, that Plaintiff's petition for consolidation and MDL treatment in this Court (Exhibit 1 hereto) will be denied. Because Plaintiff maintains that his petition is well-founded and likely to succeed, Defendants' concerns will necessarily be ameliorated.

As discussed in Exhibit 1, the Southern District of New York has long been recognized as a district with vast resources, a convenient location, and highly experienced judges in MDL situations, making it ideally suited for an MDL transfer. *Id.* at 3. Defendants' effort to have these cases consolidated in California -- which likely motivated them to seek a stay here -- ignores compelling reasons for this Court to handle any MDL proceedings. For example, although Defendant Mattel is headquartered in California, Defendant Fisher-Price is headquartered in New York (in the Western District), with offices in the Southern District of New York. Defendant Fisher-Price's website touts that its division, Fisher-Price Friends (which includes many of the recalled Sesame Street products), "is located in bustling downtown Manhattan. Our offices cover two floors in the Barnes & Noble Building on 6th Avenue between 21st and 22nd Streets. This area is known as the Chelsea District or the Toy District and is the home of the International Toy Fair." *Id.* at Exhibit B).

Further, although Defendants assert that Mattel is headquartered in California, neither Defendant submitted any evidence to the JPML showing that there would be more witnesses and/or documents located in California than in New York, where Fisher-Price is located.[1]

Finally, because the toys at issue were not manufactured in the United States, a critical focus of the litigation will deal with determining appropriate remedies to the consumer and establishing a program for medical monitoring, issues that are easily capable of being resolved in the Southern District of New York and that are not tied to any particular geographic location in the United States.

Plaintiff submits that in light of the above, Defendants' judicial economy arguments for a stay of all proceedings are without adequate support, as they are based solely on the tenuous assumption that this Court will soon lose province over this litigation.

---

[1] Moreover, due to advances in technology, the documents to be requested by all plaintiffs will likely be electronic, or maintained in electronic format. Thus, they can readily be produced to plaintiffs regardless of venue. It is also unknown where the majority of relevant witnesses are, though it is likely many witnesses are located throughout the United States. Finally, the products at issue were marketed and sold throughout the United States, making no geographic area more suitable than any other. In short, given that these matters are nationwide class actions, the Southern District of New York is readily accessible, has several large airports servicing the area, and is a highly convenient forum for parties traveling from around the country. Many of plaintiffs' counsel have offices, or alliances, in New York and have or had many other cases in that venue.

**Conclusion**

For the reasons stated herein, Plaintiff respectfully submits that Defendants' motion to stay should be denied.

Respectfully submitted,

By: s/ Lance A. Harke
Lance A. Harke, P.A.
Sarah Clasby Engel, P.A.
HARKE & CLASBY LLP
155 South Miami Ave., Suite 600
Miami, Florida 33130
Telephone: (305) 536-8220
Facsimile: (305) 536-8229

Ben Barnow
BARNOW & ASSOCIATES, P.C.
105 W Madison St, Suite 2200
Chicago, IL 60602-4606
Telephone: (312) 621-2000
Facsimile: (312) 641-5504

Steven M. Hayes
HANLY CONROY BIERSTEIN SHERIDAN
FISHER & HAYES LLP
112 Madison Avenue, 7th Floor
New York, New York 10016
Telephone: (212) 784-6400
Facsimile: (212) 213-5349/(866) 800-1008

Aron D. Robinson
THE LAW OFFICE OF ARON D. ROBINSON
19 S. LaSalle Street, Suite 1300
Chicago, IL 60603
Telephone: (312) 857-9050
Facsimile: (312) 857-9054

*Attorneys for Farrah Shoukry*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 11th day of October, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing documents is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

                s/ Lance A. Harke_____

## SERVICE LIST

Michael J. Templeton, Esq.  
Catherine M. Ferrara-Depp, Esq.  
JONES DAY  
222 East 41st Street  
New York, NY 10017  
Tel. 212-326-3939  

Attorneys for Defendants  
*Via CM/ECF Transmission*  

Thomas E. Fennell, Esq.  
Michael L. Rice, Esq.  
JONES DAY  
2727 N. harwood St.  
Dallas, TX 75201  

Attorneys for Defendants  
*Via 1st Class U.S. Mail*  

Hugh Whiting, Esq.  
JONES DAY  
717 Texas Suite 3300  
Houston, TX 77002  

Attorneys for Defendants  
*Via 1st Class U.S. Mail*  

                                        s/ Lance A. Harke