# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017-6702
TELEPHONE: 212-326-3939 • FACSIMILE: 212-755-7306

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/15/07

JP911033
539659-630004

October 15, 2007

RECEIVED
OCT 15 2007
CHAMBERS OF
DENISE COTE

BY HAND DELIVERY

Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

    Re:    Farrah Shoukry v. Fisher-Price, Inc. and Mattel, Inc.,
            Civil Action No. 07 CV 7182 (DLC)

Dear Judge Cote:

    We represent defendants Fisher-Price, Inc. and Mattel, Inc. ("Mattel") in the above-referenced action. We write to request an adjournment of the initial pretrial conference in this action scheduled for October 19, 2007 pending decision by the Judicial Panel on Multidistrict Litigation ("JPML") on defendants' motion under 28 U.S.C. § 1407, filed with the JPML on September 5, 2007, to transfer this action and all related federal actions against them to the United States District Court for the Central District of California for coordinated pretrial MDL proceedings.

    This action is one of twelve putative class actions filed recently in federal district courts following voluntary toy recalls announced by Mattel in August and September 2007. The cases make similar claims and purport to be filed on behalf of overlapping putative classes of purchasers and users of the recalled toys. Seven of these cases were filed originally in the Central District of California, including the first of the cases to be filed. In addition, three cases which were filed in state courts in California were recently removed by defendants to federal courts in California - - two to the Central District and one to the Northern District. Plaintiff Farrah Shoukry in this action asserts claims like those made in the other actions and seeks to represent a nationwide putative class like that alleged in the first-filed case in the Central District of California.[1]

    In view of the number of cases pending in California, the fact that the first action was filed in the Central District of California, and the fact that Mattel is headquartered in California (where much of the discovery related to the litigation will likely take place), on September 5, 2007, defendants filed a motion with the JPML seeking to have the cases coordinated for pretrial

---

[1]   Three weeks after this case was filed, the same counsel who represent Ms. Shoukry in this action filed a second, virtually identical case in this Court on behalf of another Florida resident. That case was assigned to Judge Sprizzo. It is Goldman v. Fisher-Price, Inc., et. al (S.D.N.Y. Civ. Action No. 07-7764).

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Honorable Denise L. Cotes
October 15, 2007
Page 2

in one MDL proceeding in the Central District of California. A copy of this motion to transfer was also filed with this Court. Plaintiffs in three of the other actions also filed a motion with the JPML seeking to transfer the cases to the Central District of California. The JPML set a deadline of October 9, 2007 for responses to the transfer motions, and plaintiff in this case filed a response indicating agreement with the coordination motion but seeking to have the MDL proceeding located in this Court. We anticipate that the JPML will schedule any hearing on the motions to transfer in November. On September 26, 2007, defendants filed a motion with this Court to stay all proceedings in this action pending a decision by the JPML on defendants' motion to transfer.

    Defendants respectfully submit that proceeding with an initial pretrial conference in this action as currently scheduled on October 19, 2007 would be an inefficient use of the Court's and the parties' resources. If the JPML decides to transfer this action and the other cases to a single district court, then that court will preside over all pretrial proceedings and manage discovery pursuant to one schedule, and one set of case management procedures and rulings will be applicable to all the cases. Adjourning the initial pretrial conference will avoid the potential of unnecessary pretrial proceedings and waste of judicial resources by this Court. Accordingly, defendants respectfully request that the initial pretrial conference scheduled for October 19, 2007 be adjourned pending decision by the Judicial Panel on Multidistrict Litigation on defendants' motion to transfer under 28 U.S.C. § 1407.

    We spoke with plaintiff's counsel to determine if they would agree to this request for an adjournment. They declined to do so. There has been no previous request for a similar adjournment.

    Should the Court agree to the requested adjournment, we respectfully suggest that no conference be set pending the JPML's decision on the transfer motion. Alternatively, we suggest that a status conference be scheduled for January 2008.

Respectfully submitted,

*[signature]*

Michael J. Templeton

cc: Counsel for plaintiff

*[Handwritten note: The conference is adjourned sine die.]*

*[signature] Denise Cote*
*O. October 15, 2007*