Michael J. Templeton (MT 8709)
Catherine M. Ferrara-Depp (CF-2329)
JONES DAY
222 East 41st Street
New York, NY  10017
Telephone:  (212) 326-3939

*Attorneys for Defendants Fisher-Price, Inc.*
*and Mattel, Inc.*

**ELECTRONICALLY FILED**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| FARRAH SHOUKRY, individually and on behalf of all other similarly situated,<br><br>                                        Plaintiff,<br><br>                     -against-<br><br>FISHER-PRICE INC., a Delaware Corporation and MATTEL, INC., a Delaware Corporation, each separately and on behalf of all other entities similarly situated,<br><br>                                        Defendants. | **ECF CASE**<br><br>**Civil Action No.  07 CV 7182 (DLC) (DCF)**<br><br>**DEFENDANTS FISHER-PRICE, INC'S AND MATTEL, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** |

Defendants Fisher-Price, Inc. ("Fisher-Price") and Mattel, Inc. ("Mattel") (together "defendants"), for themselves and for no other entities, hereby file their answer in response to plaintiff's Class Action Complaint (the "Complaint").

## RESPONSE TO ALLEGATIONS

The Complaint throughout contains numerous allegations regarding "Defendants" without any identification of specific acts of purported wrongdoing by either Fisher-Price or Mattel.  These collective allegations throughout the Complaint are a fatally defective attempt by plaintiff to disguise her lack of knowledge of any specific wrongdoing by either Fisher-Price or Mattel in a web of undifferentiated aggregate claims.  Each defendant, Fisher-Price and Mattel, individually denies that it has committed any wrongdoing.  For their responses to the specific

allegations of the Complaint, defendants incorporate the foregoing statement in each paragraph

below as applicable and further state:

**RESPONSE TO PLAINTIFF'S AVERMENTS
IN NUMBERED PARAGRAPHS 1 THROUGH 42**

1.      Defendants acknowledge that plaintiff purports to bring this action as a proposed

class action, but deny that this action may properly be maintained as a class action and deny that

any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure

23.

2.      Defendants admit that Mattel and/or Fisher-Price were involved in the distribution

of certain toys, including some toys involving Sesame Street, Dora the Explorer and Go Diego

Go characters, that were voluntarily recalled.  Defendants admit that a reason for the voluntary

recall was that testing indicated that the paint on some part of certain of the toys that were

subject to the recall contained lead that exceeded applicable standards.  Defendants admit that

lead, like many substances not intended for ingestion, has been recognized as having the

potential to cause adverse effects on some humans if ingested in sufficiently large quantities over

a sufficient amount of time.  Defendants deny the remaining allegations in paragraph 2 of the

Complaint.

3.      Defendants deny the allegations in the first and second sentences of paragraph 3

of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in paragraph 3 of the Complaint and, therefore, deny the same.

Defendants deny that this action may properly be maintained as a class action and deny that any

defendant class alleged in the Complaint satisfies the requirements of Federal Rule of Civil

Procedure 23.

4.     Defendants admit that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Defendants deny the remaining allegations in paragraph 4 of the Complaint.

5.     Defendants admit that, on August 2, 2007, Mattel, Fisher-Price and the U.S. Consumer Product Safety Commission ("CPSC") announced a voluntary recall of certain Fisher-Price toys.  Defendants admit that, as part of the August 2, 2007 voluntary recall, consumers are provided a postage prepaid "mailing label" to use to return recalled product.  In most cases, when Defendants receive recalled product from consumers, they issue vouchers redeemable for replacement products in an amount that is intended to be equal to or greater than the retail price actually paid plus tax.  In some cases, Defendants issue replacement parts rather than a voucher. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 5 of the Complaint and, therefore, deny the same. Defendants deny that this action may properly be maintained as a class action and deny that any defendant class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.  Defendants deny the remaining allegations in paragraph 5 of the Complaint.

6.     Defendants admit that Fisher-Price voluntarily recalled certain toys manufactured by Lee Der Industrial during a specific period of time.  A reason for that voluntary recall was that testing indicated that the paint on some part of some of the toys that were subject to the recall contained lead that exceeded applicable standards.  Defendants deny the remaining allegations in paragraph 6 of the Complaint as addressed to them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same.

Defendants deny that this action may properly be maintained as a class action and deny that any defendant class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

7.      Defendants deny the allegations in paragraph 7 of the Complaint.

8.      Defendants deny that plaintiff or any putative class members are entitled to the relief described in paragraph 8 of the Complaint.  Defendants deny that this action may properly be maintained as a class action and deny that any defendant class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

9.      Defendants have not contested personal jurisdiction in this District.  The remaining allegations in paragraph 9 of the Complaint contain legal assertions to which no response is required.

10.      Defendants deny that Mattel resides in New York and deny that Fisher-Price's headquarters are in the Southern District of New York.  Defendants have filed a motion before the Judicial Panel on Multidistrict Litigation seeking coordination of this matter with others in the United States District Court for the Central District of California.  Any remaining allegations in paragraph 10 of the Complaint contain legal assertions to which no response is required.

11.      Defendants deny the allegations in the fifth and sixth sentences of paragraph 11 of the Complaint to the extent they address the Fisher-Price Toys.  Defendants deny that plaintiff or any member of a putative class is entitled to the relief described in the last sentence of paragraph 11 of the Complaint.  Defendants deny that this action may properly be maintained as a class action and deny that any defendant class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.  Defendants lack knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint and, therefore, deny the same.

12.     Defendants admit the allegations in the first sentence of paragraph 12 of the Complaint that Fisher-Price does business in New York and sells its products to retailers for sale throughout the United States.  Defendants deny the allegation in the second sentence of paragraph 12 of the Complaint that Fisher-Price sells its products through "original equipment manufacturer dealers."  Defendants deny the allegation in the third sentence of paragraph 12 of the Complaint that Fisher-Price "operates" throughout the world.  Defendants deny the allegations in the last sentence of paragraph 12 of the Complaint.  Defendants deny that this action may properly be maintained as a class action and deny that any defendant class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.  Defendants admit the remaining allegations in paragraph 12 of the Complaint.

13.     Defendants deny the allegation in the first sentence of paragraph 13 of the Complaint that Mattel "operates" Fisher-Price.  Defendants deny the allegation in the second sentence of paragraph 13 of the Complaint that Mattel has proclaimed itself the "worldwide leader in the design, manufacture and marketing of toys and family products."  Defendants deny the allegation in the third sentence of paragraph 13 of the Complaint that Mattel sells its products through "original equipment manufacturer dealers."  Defendants admit that Mattel's products are sold in more than 150 nations.  Defendants deny the allegations in the last sentence of paragraph 13 of the Complaint.  Defendants deny that this action may properly be maintained as a class action and deny that any defendant class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.  Defendants admit the remaining allegations in paragraph 13 of the Complaint.

14.     Defendants admit that product safety is an important aspect of their business, but deny the specific allegation in the first sentence of paragraph 14 of the Complaint that a marketing campaign is "built around" that single concept.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 14 of the Complaint and, therefore, deny the same.  Defendants deny that this action may properly be maintained as a class action and deny that any defendant class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 15 of the Complaint regarding plaintiff's beliefs and expectations and, therefore, deny the same.  Defendants deny the remaining allegations in paragraph 15 of the Complaint as addressed to them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 15 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same.  Defendants deny that this action may properly be maintained as a class action and deny that any defendant class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

16.     Defendants admit that on August 2, 2007, Mattel and Fisher-Price announced a voluntary recall of certain Fisher-Price toys manufactured in China during specific periods of time and that a reason for the voluntary recall was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  Defendants deny the remaining allegations in paragraph 16 of the Complaint.

17.     Defendants admit that on August 2, 2007, Mattel and Fisher-Price announced a voluntary recall of certain Fisher-Price toys manufactured in China during specific periods of

time and sold between May and August 2007, and that a reason for the voluntary recall was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards. Defendants admit that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time. Defendants deny the remaining allegations in paragraph 17 of the Complaint as addressed to them. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same. Defendants deny that this action may properly be maintained as a class action and deny that any defendant class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

18.     Defendants admit that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time, and that any such effects necessarily vary among individuals. Defendants deny the remaining allegations in paragraph 18 of the Complaint.

19.     Defendants admit that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint because they do not provide sufficient information regarding the referenced levels of exposure and, therefore, deny the same.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint because they do not identify a source for the alleged "association" and, therefore, deny the same.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, which purport to reflect the motives of a third party and, therefore, deny the same. Defendants admit that the CPSC has adopted regulations regarding lead-containing paint on toys and other articles and state that such regulations speak for themselves.

22.     Defendants deny the allegations in paragraph 22 of the Complaint as addressed to them. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same. Defendants deny that this action may properly be maintained as a class action and deny that any defendant class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

23.     Defendants admit that, on August 2, 2007, Mattel, Fisher-Price and the CPSC announced a voluntary recall of certain Fisher-Price toys manufactured during a specific period of time. Defendants admit that Exhibit A to the Complaint purports to be a copy of the CPSC Press Release dated August 2, 2007.

24.     Defendants admit that, as part of the August 2, 2007 voluntary recall, consumers are provided a postage prepaid "mailing label" to use to return recalled product. In most cases, when Defendants receive recalled product from consumers, they issue vouchers redeemable for replacement products in an amount that is intended to be equal to or greater than the retail price actually paid plus tax. In some cases, Defendants issue replacement parts rather than a voucher.

Defendants deny the remaining allegations in paragraph 24 of the Complaint as addressed to them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same.  Defendants deny that this action may properly be maintained as a class action and deny that any defendant class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

25.     Defendants deny the allegations in paragraph 25 of the Complaint.

26.     Defendants deny the allegations in the first sentence of paragraph 26 of the Complaint.  Defendants deny that plaintiff or any putative class member is entitled to any of the relief described in the second sentence of paragraph 26 of the Complaint.  The allegations of the last sentence of paragraph 26 of the Complaint are not directed to Defendants and require no response, but Defendants deny that plaintiffs are entitled to any relief from them.  Defendants deny that this action may properly be maintained as a class action and deny that any defendant class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

27.     Defendants deny the allegations in the first and second sentences of paragraph 27 of the Complaint.  Defendants deny that plaintiff or any putative class member is entitled to any of the relief described in the last sentence of paragraph 27 of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 27 of the Complaint pertaining to the Defendant Class and, therefore, deny the same.  Defendants deny that this action may properly be maintained as a class action and deny that any defendant class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

28.     Defendants deny the allegations in the first sentence of paragraph 28 of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 28 of the Complaint and, therefore, deny the same and state that they have received no formal notice of such a current investigation.  Defendants admit that the CPSC has investigated the timeliness of their reporting in the past.  Defendants admit that in March 2007 and in 2001, without admitting any wrongdoing, Mattel and/or Fisher-Price paid the alleged amounts in settlement of good faith disputes with the CPSC over timing of reporting.  Defendants deny the remaining allegations in paragraph 28 of the Complaint.

29.     Defendants acknowledge that plaintiff purports to bring this action as a proposed class action, but deny that this action may properly be maintained as a class action and deny that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

30.     Defendants admit that the classes alleged by plaintiff could include thousands of people, but deny that this action may properly be maintained as a class action and deny that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same.  Defendants deny that the defendant class alleged in the complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

31.     Defendants deny the allegations in paragraph 31 of the Complaint as addressed to them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint pertaining to "other members of the Defendant

Class" and, therefore, deny the same. Defendants deny that the defendant class alleged in the complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and, therefore, deny the same. Defendants deny that this action may properly be maintained as a class action and deny that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

33.     Defendants deny the allegations in paragraph 33 of the Complaint as addressed to them, including that the alleged common issues present common questions with respect to any alleged class or that such alleged issues predominate over the inherently individual questions raised by the claims alleged in the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same. Defendants deny that the defendant class alleged in the complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

34.     Defendants deny the allegations in paragraph 34 of the Complaint as addressed to them. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same. Defendants deny that the defendant class alleged in the complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

35.     Defendants deny the allegations in paragraph 35 of the Complaint as addressed to them. Defendants deny that this action may properly be maintained as a class action and deny that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23. Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 35 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same. Defendants deny that the defendant class alleged in the complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

36. Defendants acknowledge that plaintiff purports to bring this action against a proposed defendant class, but deny that this action may properly be maintained as a class action and deny that any defendant class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

37. Defendants deny the allegations in paragraph 37 of the Complaint. Defendants deny that this action may properly be maintained as a class action and deny that any defendant class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

38. Defendants deny the allegations in paragraph 38 of the Complaint, including that the alleged common issues present common questions with respect to any alleged class or that such alleged issues predominate over the inherently individual questions raised by the claims alleged in the Complaint. Defendants deny that this action may properly be maintained as a class action and deny that any defendant class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

39. Defendants admit that on August 2, 2007, Mattel announced a voluntary recall by Fisher-Price of certain toys manufactured in China by Lee Der Industrial Co. during specific periods of time and sold between May and August 2007, and that a reason for the voluntary recall was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint pertaining to any other entities and, therefore, deny the same.

Defendants deny any remaining allegations in paragraph 39 of the Complaint.  Defendants deny that this action may properly be maintained as a class action and deny that any defendant class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

40.    Defendants deny the allegations in paragraph 40 of the Complaint.  Defendants deny that this action may properly be maintained as a class action and deny that any defendant class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

41.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same.  Defendants deny that this action may properly be maintained as a class action and deny that any defendant class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.  Defendants deny the remaining allegations in paragraph 41 of the Complaint.

42.    Defendants deny the allegations in paragraph 42 of the Complaint, including that the alleged common issues present common questions with respect to any alleged class or that such alleged issues predominate over the inherently individual questions raised by the claims alleged in the Complaint.  Defendants deny that this action may properly be maintained as a class action and deny that any defendant class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

## RESPONSE TO FIRST ALLEGED CLAIM
### (Violations of Consumer Protection Laws)

43.    Defendants incorporate by reference and restate their responses paragraphs 1 through 34 of the Complaint as if set forth fully herein.

44.     The allegations in paragraph 44 of the Complaint contain legal assertions to which no response is required.  Defendants deny that plaintiff or any member of a putative class is entitled to recovery under any identified consumer protection laws.

45.     The allegations in paragraph 45 of the Complaint contain legal assertions to which no response is required.

46.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint and, therefore, deny the same.  Defendants deny that plaintiff or any member of a putative class is entitled to recovery under any identified consumer protection laws.

47.     Defendants admit that the distribution and sale of toys subject to the August 2, 2007 voluntary recall occurred in trade or commerce.  Defendants deny that the Complaint accurately sets forth the nature of Defendants' conduct.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same.  Defendants deny that the defendant class alleged in the complaint satisfies the requirements of Federal Rule of Civil Procedure 23.  Defendants deny the remaining allegations in paragraph 47 of the Complaint.

48.     Defendants deny the allegations in paragraph 48 of the Complaint as addressed to them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same.  Defendants deny that the defendant class alleged in the complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

49.     Defendants deny the allegations in paragraph 49 of the Complaint as addressed to them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same.  Defendants deny that the defendant class alleged in the complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

50.     Defendants deny the allegations in paragraph 50 of the Complaint as addressed to them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same.  Defendants deny that the defendant class alleged in the complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

51.     Defendants deny the allegations in paragraph 51 of the Complaint as addressed to them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same.  Defendants deny that the defendant class alleged in the complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

52.     Defendants deny the allegations in paragraph 52 of the Complaint as addressed to them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same.  Defendants deny that the defendant class alleged in the complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint regarding what plaintiff or putative class members may or may not have done and, therefore, deny the same.  Defendants deny the

remaining allegations in paragraph 53 of the Complaint as addressed to them. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same. Defendants deny that the defendant class alleged in the complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

54.    Defendants deny the allegations in paragraph 54 of the Complaint as addressed to them. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same. Defendants deny that the defendant class alleged in the complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

55.    Defendants deny the allegations in paragraph 55 of the Complaint as addressed to them. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same. Defendants deny that the defendant class alleged in the complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

### RESPONSE TO SECOND ALLEGED CLAIM
**(Breach of Implied Warranty)**

56.    Defendants incorporate by reference and restate their responses to paragraphs 1 through 34 of the Complaint as if set forth fully herein.

57.    The allegations in paragraph 57 of the Complaint contain legal assertions to which no response is required.

58.    The allegations in paragraph 58 of the Complaint contain legal assertions to which no response is required.

59.     Defendants deny the allegations in paragraph 59 of the Complaint as addressed to them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same.  Defendants deny that the defendant class alleged in the complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

60.     Defendants deny the allegations in paragraph 60 of the Complaint.

61.     Defendants deny the allegations in paragraph 61 of the Complaint as addressed to them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same.  Defendants deny that the defendant class alleged in the complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

62.     Defendants admit that, on the same date as the Complaint was filed, plaintiff sent a letter, the sufficiency of which is a question of law, purporting to be notice.  Defendants deny the remaining allegations in paragraph 62 of the Complaint and deny that any such notice was sufficient.

63.     Defendants deny the allegations in paragraph 63 of the Complaint.

64.     Defendants deny the allegations in paragraph 64 of the Complaint as addressed to them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same.  Defendants deny that the defendant class alleged in the complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

## RESPONSE TO THIRD ALLEGED CLAIM
### (Strict Liability)

65.     Defendants incorporate by reference and restate their responses to paragraphs 1 through 34 of the Complaint as if set forth fully herein.

66.     Defendants deny the allegations in paragraph 66 of the Complaint as addressed to them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same.  Defendants deny that the defendant class alleged in the complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

67.     Defendants deny the allegations in paragraph 67 of the Complaint as addressed to them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same.  Defendants deny that the defendant class alleged in the complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

68.     Defendants deny the allegations in paragraph 68 of the Complaint.

69.     Defendants deny the allegations in paragraph 69 of the Complaint as addressed to them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same.  Defendants deny that the defendant class alleged in the complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

## RESPONSE TO FOURTH ALLEGED CLAIM
### (Unjust Enrichment)

70.     Defendants incorporate by reference and restate their responses to paragraphs 1 through 34 of the Complaint as if set forth fully herein.[1]

71.     Defendants deny the allegations in paragraph 65* of the Complaint as addressed to them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65* of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same.  Defendants deny that the defendant class alleged in the complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

72.     Defendants deny the allegations in paragraph 66* of the Complaint as addressed to them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66* of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same.  Defendants deny that the defendant class alleged in the complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

73.     Defendants deny the allegations in paragraph 67* of the Complaint as addressed to them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67* of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same.  Defendants deny that the defendant class alleged in the complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

74.     Defendants deny the allegations in paragraph 68* of the Complaint as addressed to them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68* of the Complaint pertaining to "other members of the Defendant

---

[1] In the Complaint, the paragraphs starting in Count IV repeat paragraph numbers 64-68.  To avoid confusion, Defendants have noted the repeated numbers in the text of their response with an asterisk – e.g., 65*.

Class" and, therefore, deny the same. Defendants deny that the defendant class alleged in the complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

75.    Defendants deny each and every allegation of the Complaint that is not expressly admitted herein, including any allegations that may be included in any of the headings to any of the particular sections of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that plaintiff or any putative member of the proposed class is entitled to any of the relief sought in the WHEREFORE clause on pages 16-17 of the Complaint.

FOR THEIR DEFENSES TO THE COMPLAINT, DEFENDANTS STATE AS FOLLOWS:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

76.    The Complaint fails, in whole or in part, to state a claim upon which relief may be granted against defendants and further fails to state facts sufficient to entitle plaintiff to any relief whatsoever from defendants.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

77.    Plaintiff lacks standing to assert some or all of the claims in the Complaint and lacks standing to represent putative class members in the class plaintiff alleges.

## THIRD AFFIRMATIVE DEFENSE
### (Claims Preemption)

78.    Some or all of the claims in the Complaint are preempted in whole or in part by the Consumer Product Safety Act ("CPSA"), applicable regulations, and actions of the Consumer Safety Products Commission in connection with the recalls.

## FOURTH AFFIRMATIVE DEFENSE
### (Conduct Not "Unlawful")

79.     Some or all of the claims in the Complaint are barred in whole or in part because defendants' conduct was not unlawful.

## FIFTH AFFIRMATIVE DEFENSE
### (Conduct Not "Unfair")

80.     Some or all of the claims in the Complaint are barred in whole or in part because defendants' conduct was not unfair.

## SIXTH AFFIRMATIVE DEFENSE
### (Conduct Not "Misleading")

81.     Some or all of the claims in the Complaint are barred in whole or in part because defendants' conduct was not misleading.

## SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

82.     Some or all of the claims in the Complaint are barred in whole or in part by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE
### (Prohibition Against Excessive Penalties)

83.     Some or all of plaintiff's claims are barred to the extent plaintiff seeks to impose penalties that violate the New York Constitution's prohibition against excessive penalties and/or similar provisions in other state constitutions.

## NINTH AFFIRMATIVE DEFENSE
### (Excessive Fines Clause of the Eighth Amendment to the United States Constitution)

84.     Some or all of the claims in the Complaint are barred to the extent plaintiff seeks damages that violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE
### (Due Process Clause of the Fourteenth Amendment to the United States Constitution)

85.    Some or all of the claims in the Complaint are barred to the extent plaintiff seeks

damages or punitive damages that violate the Due Process Clause of the Fourteenth Amendment

to the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Safe Harbor)

86.    Some or all of the claims in the Complaint are barred in whole or in part to the

extent they seek to impose liability based on conduct that is otherwise protected by statute.

## TWELFTH AFFIRMATIVE DEFENSE
### (Discharge of Obligations)

87.    Some or all of the claims in the Complaint are barred in whole or in part because

defendants complied with and fully performed any and all past and current obligations imposed

on them by law, contracts, or equity, and all past and current obligations owed to plaintiff have

been satisfied, released or otherwise discharged.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Disclaimer of Warranties)

88.    Some or all of the claims in the Complaint are barred in whole or in part because

there was a disclaimer of any express or implied warranties, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Superseding Cause)

89.    Some or all of the claims in the Complaint are barred in whole or in part because

any harm to plaintiff was caused not by defendants' actions, but by a superseding cause.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

90.    Some or all of the claims in the Complaint are barred in whole or in part because the alleged conduct of defendants was not unfair and was undertaken in good faith for a valid business purpose.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Lack of Privity)

91.    Some or all of the claims in the Complaint are barred in whole or in part because plaintiff is not in privity with defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Failure To State A Claim For Punitive Damages)

92.    The Complaint is devoid of facts sufficient to constitute a claim against defendants for punitive or exemplary damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy At Law)

93.    The plaintiff's request for injunctive relief is barred because plaintiff has an adequate remedy at law.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Contributory and Comparative Negligence)

94.    Any injury sustained by plaintiff was caused, in whole or in part, by plaintiff's contributory or comparative negligence, fault, and want of due care, and therefore plaintiff is barred from any recovery, or any recoverable damages must be reduced in proportion to the amount of negligence attributable to plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE
### (No Direct Injury)

95.    The Complaint fails to state a cause of action because plaintiff suffered no direct harm as a result of the alleged acts.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Lack of Requisite Particularity)

96.     Some or all of the claims in the Complaint are barred in whole or in part because they are not plead with the requisite particularity.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (No Valid Class)

97.     Plaintiff's claims fail in whole or in part to meet the procedural or factual requirements necessary to certify or maintain a class action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Violation of Due Process)

98.     Some or all of the relief plaintiff requests may result in multiple recoveries, thereby violating defendants' due process rights under the United States and/or New York Constitutions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Lack of Statutory Claim)

99.     To the extent plaintiff seeks to assert claims under New York law on behalf of a nationwide class, some or all of the putative class members outside New York lack standing to assert such claims.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Lack of Actionable Representations)

100.     Some or all of plaintiff's claims fail because they are not based on actionable representations by defendants.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Responsive Actions Taken Barring Claims for Damages)

101.     Any claim for damages is barred because defendants have taken reasonable steps to inform consumers of the recalls and taken appropriate responsive action, including but not limited to, the issuance of vouchers or replacement parts as part of the recalls.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Intentional Action)

102.    Any claim for damages is barred because defendants' actions were not intentional, but resulted from bona fide errors despite reasonable procedures in place, and defendants have taken appropriate responsive action, including but not limited to, the issuance of vouchers or replacement parts as part of the recalls.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Provide Sufficient Notice)

103.    Any claim for damages under state consumer protection laws is barred because plaintiff failed to provide sufficient and/or adequate notice as required.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Requirements of Applicable Law)

104.    Plaintiff is not entitled to recover punitive or exemplary damages because the requirements of applicable law regarding such damages are not met by the facts set forth in the Complaint.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Ratification)

105.    Plaintiff's claims are barred, in whole or part, by ratification.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Waiver)

106.    Plaintiff's claims are barred, in whole or part, by waiver.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (No Claim for Medical Monitoring)

107.    The claims in the Complaint seeking or asserting a medical monitoring claim or remedy are barred for the reasons that such a claim or remedy is not available under applicable law and because the facts pled in the Complaint do not satisfy the requirements for medical monitoring to the extent such a claim or remedy has been recognized in any jurisdiction.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

108.    Defendants intend to rely on any additional affirmative defenses that become available or apparent through discovery and the factual development of this case or otherwise, and, thus, reserve the right to amend their Answer to assert such additional defenses.

## DEMAND FOR A JURY TRIAL

Defendants demand a trial by jury of all claims triable by a jury.

Dated:  New York, New York
        October 15, 2007

                                        Respectfully submitted,


                                        s/  Michael J. Templeton
                                        Michael J. Templeton (MT-8709)
                                        Catherine M. Ferrara-Depp (CF-2329)
                                        JONES DAY
                                        222 East 41st Street
                                        New York, NY  10017
                                        Telephone:  (212) 326-3939

                                        Attorneys for Defendants Fisher-Price, Inc. and
                                        Mattel, Inc.

**Of Counsel:**

Hugh R. Whiting
JONES DAY
717 Texas, Suite 3300
Houston, TX  77002
Telephone:  (832) 239-3939

Thomas E. Fennell
Michael L. Rice
JONES DAY
2727 N. Harwood St.
Dallas, TX 75201
Telephone:  (214) 220-3939

## <u>CERTIFICATE OF SERVICE</u>

I, Catherine M. Ferrara-Depp, hereby certify that on October 15, 2007, a true and correct

copy of DEFENDANTS FISHER-PRICE, INC.'S AND MATTEL, INC.'S ANSWER TO

PLAINTIFF'S CLASS ACTION COMPLAINT was electronically filed with the Clerk of the

Court by using the CM/ECF system, which will send a notice of electronic filing to:

**Attorney for Plaintiff and Purported Class Members:**
Steven M. Hayes
Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP
112 Madison Avenue, 7th Floor
New York, New York 10016
Telephone: (212) 784-6400
Facsimile: (212) 213-5349

I FURTHER CERTIFY that on October 15, 2007, true and correct copies of

DEFENDANTS FISHER-PRICE, INC.'S AND MATTEL, INC.'S ANSWER TO

PLAINTIFF'S CLASS ACTION COMPLAINT were served via first class mail to the following

counsel of record:

**Of Counsel**:

| | |
|---|---|
| Lance A. Harke | Kenneth J. Brennan |
| Sarah Clasby Engel | Simmons Cooper LLC |
| Harke & Clasby LLP | 707 Berkshire Boulevard |
| 155 South Miami Avenue, Suite 600 | East Alton, Illinois 62024 |
| Miami, Florida 33130 | Telephone: (618) 259-2222 |
| Telephone: (305) 536-8220 | Facsimile: (618) 259-2251 |
| Facsimile: (305) 536-8229 | |
| | |
| Ben Barnow | Aron D. Robinson |
| Barnow and Associates, P.C. | The Law Office of Aron D. Robinson |
| One North LaSalle Street, Suite 4600 | 19 South LaSalle Street, Suite 1300 |
| Chicago, Illinois 60602 | Chicago, Illinois 60603 |
| Telephone: (312) 621-2000 | Telephone: (312) 857-9050 |
| Facsimile: (312) 641-5504 | Facsimile: (312) 857-9054 |

s/ Catherine M. Ferrara-Depp
Catherine M. Ferrara-Depp (CF-2329)
Jones Day
222 East 41st Street
New York, New York 10017
(212) 326-3939