Michael J. Templeton (MT-8709)
Catherine M. Ferrara-Depp (CF-2329)
JONES DAY
222 East 41st Street
New York, NY  10017
Telephone:  (212) 326-3939

*Attorneys for Defendants Fisher-Price, Inc.
and Mattel, Inc.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FARRAH SHOUKRY, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>-against-<br><br>FISHER-PRICE INC., a Delaware Corporation and MATTEL, INC., a Delaware Corporation, each separately and on behalf of all other entities similarly situated,<br><br>                              Defendants. | ECF CASE<br><br><br>Civil Action No.  07 CV 7182 (DLC) (DCF) |

**DEFENDANTS FISHER-PRICE, INC.'S AND MATTEL, INC.'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO
STAY ALL PROCEEDINGS PENDING A DECISION ON
DEFENDANTS' MOTION TO TRANSFER UNDER 28 U.S.C. § 1407**

Defendants Fisher-Price, Inc. and Mattel, Inc. ("Defendants") respectfully submit this reply in further support of Defendants' motion to stay all proceedings in this action pending decision by the Judicial Panel on Multidistrict Litigation ("JPML") on defendants' motion to transfer for coordinated pretrial MDL proceedings pursuant to 28 U.S.C. § 1407.  The JPML has now set Defendants' motion under Section 1407 for hearing on November 29, 2007.  Thus, the stay Defendants seek here is a modest one and will not prejudice plaintiff.  Plaintiff's opposition to Defendants' motion seeks to divert attention from plaintiff's lack of justification for contesting a stay in this case by making unfounded accusations against Defendants of "gamesmanship" and

1

"improper purpose." Plaintiff's accusations are wrong and her underlying arguments are baseless and in any event miss the point.

Contrary to plaintiff's assertions, Defendants' motion to stay is not part of some purported "gamesmanship" to justify Defendants' motion to transfer for pretrial MDL proceedings in the Central District of California. Defendants filed a stay motion in this Court only because no other court at that time had scheduled or undertaken any pretrial proceeding in the cases that are the subject of Defendants' transfer motion.[1] This Court had scheduled an initial pretrial conference in this action for October 19, 2007.[2] Defendants obtained a stipulation extending the time to respond to the Complaint in this action, just as they did in the other cases, not as plaintiff insinuates as part of a plan to somehow "proceed" in the other cases. In fact, Defendants filed their answer in this case on October 15, 2007 in accordance with the stipulation entered into with plaintiff here.[3]

The point of the requested stay is that there should be no expenditure of judicial resources and efforts on pretrial proceedings in these cases until the Section 1407 transfer motions filed with the JPML are decided and the MDL issue is resolved. Only then will it be determined whether a single district court will preside over all pretrial proceedings in these cases pursuant to

---

[1] On October 18, 2007, Defendants received notice of a scheduling order in another of the cases which are the subject of Defendants' Section 1407 motion to transfer -- Hughey, et al. v. Fisher-Price, Inc., et al. (No. 07-2930), filed in the District of South Carolina. Defendants intend to file a motion to stay pending decision by the JPML on defendants' transfer motion in that case.

[2] On October 15, 2007, Defendants' counsel also sent a letter to this Court requesting an adjournment of the initial pretrial conference pending decision by the JPML on Defendants' motion to transfer. Plaintiff's counsel had declined to consent to the adjournment. The Court "Memo Endorsed" Defendants' counsel's letter, directing that "[t]he conference is adjourned sine die."

[3] Defendants filed only one answer earlier than the answer filed in this case, and that answer was filed October 10, 2007, in the case pending in the Southern District of Indiana.

one set of case management procedures applicable to all the cases, and which district court that will be. The mere fact that plaintiff (who agrees with pretrial coordination of the cases in a single district) seeks to have the MDL proceedings located in this Court is not a justification for preemptively moving forward with pretrial proceedings in this case before the JPML has decided the proper district for pretrial MDL proceedings of all of the cases.

One of the primary purposes of Section 1407 is the promotion of the just and efficient conduct of the litigation. Judicial efficiency and conservation of resources (both of the Court and the parties) are best served when the MDL issue is first resolved and the cases are all in front of the single transferee district court as determined by the JPML before there is any pretrial activity with respect to schedules or procedures concerning discovery, motions, class certification issues and other pretrial matters.

The proper forum to resolve the MDL issue is the Judicial Panel on Multidistrict Litigation. Plaintiff's arguments made here in support of coordination of the cases in this Court are matters properly before the JPML and will be decided by that Panel. The reality is that there is a substantial "California tilt" to the litigation and substantial reasons why the cases should be transferred to the Central District of California for pretrial MDL proceedings.[4] The majority of the cases (including the first of the actions commenced) were filed in California, Mattel is headquartered in California, the worldwide product integrity function is based in California, and much of the discovery relating to this litigation likely will take place in California.

Until the JPML decides the transfer motions, however, and determines whether a single district court (and which one) will preside over pretrial MDL proceedings for all of the cases,

---

[4] The substantial reasons supporting Defendants' transfer motion are fully set forth in Defendants' Motion for Section 1407 Transfer and Brief in Support filed with the JPML, a copy of which is attached as Exhibit B to the Declaration of Michael J. Templeton, dated September 26, 2007, filed in support of Defendants' motion to stay.

pretrial proceedings in this case should be stayed to conserve judicial resources and prevent potentially wasted effort by the parties and this Court.

Accordingly, for all of the reasons set forth herein and in Defendants' Memorandum of Law in Support of Defendants' Motion to Stay, dated September 26, 2007, Defendants respectfully request that this Court grant their motion to stay all proceedings in this action pending decision by the JPML on Defendants' motion to transfer pursuant to 28 U.S.C. § 1407.

Dated: New York, New York
       October 22, 2007

                                          Respectfully submitted,

                                          s/ Michael J. Templeton
                                          Michael J. Templeton (MT-8709)
                                          Catherine M. Ferrara-Depp (CF-2329)
                                          JONES DAY
                                          222 East 41st Street
                                          New York, NY 10017
                                          Telephone: (212) 326-3939

                                          Attorneys for Defendants Fisher-Price, Inc. and Mattel, Inc.

**Of Counsel:**

Hugh R. Whiting
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939

Thomas E. Fennell
Michael L. Rice
JONES DAY
2727 N. Harwood St.
Dallas, TX 75201
Telephone: (214) 220-3939

## CERTIFICATE OF SERVICE

I, Catherine M. Ferrara-Depp, hereby certify that on October 22, 2007, a true and correct copy of DEFENDANTS FISHER-PRICE, INC.'S AND MATTEL, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS PENDING A DECISION ON DEFENDANTS' MOTION TO TRANSFER UNDER 28 U.S.C. § 1407 was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

**Attorney for Plaintiff and Purported Class Members:**
Steven M. Hayes
Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP
112 Madison Avenue, 7th Floor
New York, New York 10016
Telephone: (212) 784-6400
Facsimile: (212) 213-5349

I FURTHER CERTIFY that on October 22, 2007, true and correct copies of DEFENDANTS FISHER-PRICE, INC.'S AND MATTEL, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS PENDING A DECISION ON DEFENDANTS' MOTION TO TRANSFER UNDER 28 U.S.C. § 1407 were served via overnight delivery service to the following counsel of record:

**Of Counsel**:

| | |
|---|---|
| Lance A. Harke | Kenneth J. Brennan |
| Sarah Clasby Engel | Simmons Cooper LLC |
| Harke & Clasby LLP | 707 Berkshire Boulevard |
| 155 South Miami Avenue, Suite 600 | East Alton, Illinois 62024 |
| Miami, Florida 33130 | Telephone: (618) 259-2222 |
| Telephone: (305) 536-8220 | Facsimile: (618) 259-2251 |
| Facsimile: (305) 536-8229 | |

| | |
|---|---|
| Ben Barnow | Aron D. Robinson |
| Barnow and Associates, P.C. | The Law Office of Aron D. Robinson |
| One North LaSalle Street, Suite 4600 | 19 South LaSalle Street, Suite 1300 |
| Chicago, Illinois  60602 | Chicago, Illinois  60603 |
| Telephone:  (312) 621-2000 | Telephone:  (312) 857-9050 |
| Facsimile:  (312) 641-5504 | Facsimile:  (312) 857-9054 |

s/  Catherine M. Ferrara-Depp
Catherine M. Ferrara-Depp (CF-2329)
Jones Day
222 East 41st Street
New York, New York  10017
(212) 326-3939

2